P. A. MORSE, D. J. TALLANT *et al.*, Commissioners of the Funded Debt of the City of San Francisco, *v.* M. R. ROBERTS and J. R. WEST.

A lessee admits the authority of his lessor by taking a lease, and no averment of the lessor's right to lease is necessary as against him.

APPEAL from the Fourth Judicial District.

The plaintiffs, commissioners of the Funded Debt of the city of San Francisco, appointed under the act of the Legislature of 1st May, 1851, complain of defendants, because defendants of the one part, and John W. Geary and others, then being commissioners of the Sinking Fund of the city of San Francisco, created by an ordinance of the mayor and common council of the other part, entered into an agreement, dated the 13th February, 1851, whereby the said Commissioners of the Sinking Fund did, as such, grant to the said defendants the right of constructing and using a wharf upon Pacific street, and of collecting wharfage and dockage, &c. ; and in consideration of the said grants, the said defendants agreed with the said commissioners to pay over monthly to them, or their successors in office, ten per cent. of the gross receipts of said wharf during the period of five years, (the term agreed upon); that defendants entered upon and occupied the said wharf property; that the gross receipts therefrom amounts to $4277.17; that the plaintiffs are the successors in office of the commissioners last named, by virtue of the said act of 1st May, 1851, and by certain deeds and assignments (set forth in the complaint;) yet the said defendants have not paid the said sum, and refuse to pay, &c., and therefore bring suit.

Defendants demurred to the complaint.

1st. That plaintiffs have no legal capacity to sue. 2d. They are not by operation of law the successors of the commissioners of the Funded Debt of the City of San Francisco. 3d. They could not by assignment (unless authorized by law) make them successors. 4th. The commissioners had no right to sue in that capacity. 5th. The suit should be in the name of the city. 6th. There is no averment that said commissioners had power to sue

in their own names as such commissioners, nor that they had power to contract.

The Court decreed for defendant; and plaintiffs appealed.

*Thomas*, for appellant.

*Cooke*, for respondent.

For appellant it was said, that the Court had sustained the demurrer to the complaint, because it contained no averment that the commissioners had authority to lease the property, or that they held it in trust, and argued that there was no need of such averment. Prac. Act of April, 1851, sec. 39.

The defendants are lessees, and cannot question the authority of the lessors. 1 Greenl. Ev. 25; 2 do. 305, note 1, and cases cited.

The promise to pay was made to the Commissioners of the Sinking Fund, and *their successors in office.* The complaint so alleges, and plaintiffs are their successors, by the act of May 1, 1851, appointing them, and by the deeds of assignment, (stated in the complaint,) of which defendants had notice.

HEYDENFELDT, Justice, delivered the opinion of the Court, with which ANDERSON, Justice, concurred.

The District Court sustained a demurrer to the declaration on two grounds:

First. That there is no averment that the Commissioners of the Sinking Fund had authority to lease the property.

Second. That there is no averment that the lease is assigned to the plaintiffs.

In both of these reasons the Court has erred. In regard to the first, it is enough to say, that the defendants admitted the authority of the plaintiffs when they took this lease. They went in by virtue of it, hold by virtue of it, and rest upon it to maintain and justify their possession. Like any other case of tenancy, they are obliged to acknowledge the paramount ownership of the lessors during the continuance of the lease; and no averment of the lessor's right to lease is necessary as against them.

In regard to the second ground of demurrer, the averment in the declaration is sufficiently clear and distinct.

The judgment is reversed with costs, and case remanded.