MORTON v. COFFIN *et al.*

</div>

**1. Pleading :** DENIAL OF EXECUTION OF NOTE. A denial contained in the answer in action upon a promissory note of all indebtedness to plaintiff as claimed by him in the petition, or in any sum whatever, is not sufficient to put in issue the execution of the note.

**2. Practice :** RETRIAL AFTER DEFAULT. EVIDENCE. Where judgment entered on a default in an action on a promissory note has been opened, and a retrial ordered under section 3160 of the Revision, it is not necessary on the retrial to again introduce the note in evidence. No sufficient defense to the action being found, the original judgment is simply confirmed and continued in full force.

<div align="center">

*Appeal from Pottawottamie District Court.*

TUESDAY, JULY 26.

</div>

ACTION in attachment. Service by publication and judgment for plaintiff, which, upon application of defendants, was set aside and a retrial ordered ; judgment again for plaintiff, and defendants appeal.

*Montgomery, Reed & James* for the appellants.

*Percival & Woods* for the appellee.

BECK, J. — The plaintiff, in his original petition, claims judgment on the ground that he became indorser for defendants, at their request, of a certain promissory note executed to another ; that defendants, at its maturity, failed to pay the note, and plaintiff, being liable as an indorser thereon, was compelled to pay the same. An

Morton v. Coffin.

amended petition avers, that, upon plaintiff paying the note it became, and still is, his property, and recovery is claimed thereon. After the second trial was ordered defendants answered, denying indebtedness to plaintiff, as claimed in the petition, without, however, denying the execution of the note or the property of plaintiff therein, and set up the following special defense, viz. : That plaintiff recovered in a court in the state of Ohio a judgment against defendants upon the same cause of action which is the foundation of this suit, and that said Ohio judgment, as well as the cause of action upon which it is based, and all matters in controversy in this suit, were settled and arranged by the plaintiff and defendants. It is further pleaded, by way of defense, that a large amount of property was attached in this suit, and wrongfully sold, upon the judgment, to plaintiff.

In support of these defenses defendants introduced in evidence a written agreement for the settlement of four certain suits. Two of them were pending in the United States circuit court ; in one, judgment had been rendered in the same court, and the other was a proceeding in bankruptcy, against plaintiff herein, in the United States district court. It is not made to appear, either by the agreement itself or by any other evidence, where those courts were held. The defendant, B. Coffin, and the plaintiff were defendants in the judgment. In the actions settled, other parties, who are not connected with this suit, were parties, plaintiff and defendant. This agreement provides for the settlement of matters between the different parties, which can have no relation to the question involved in this suit. It also stipulated that defendant herein, B. Coffin, shall execute to plaintiff a certain note, " which shall be taken as in full settlement and discharge of any and all claims of every name or kind whatever, of said Morton against Barnabas Coffin, or the late firm of B. &

S. Coffin, or B. Coffin & Co., except the guaranty of said Coffin that said Morton is not liable for him or for said firms," etc. The agreement further recites and stipulates as follows : " Whereas, said Morton heretofore recovered a judgment against Stephen Coffin in the state of Iowa on the said claim on which he recovered judgment against Robbins in the state of Ohio, and it is said, but not certainly known to the parties hereto, that property of said Stephen Coffin in Iowa has been sold on said Iowa judgment ; now, therefore, it is agreed, that in case the Iowa laws allow a redemption of property sold on execution, that said Morton shall furnish to said Barnabas Coffin sufficient money to make said redemption for said Stephen. In case said Iowa laws do not allow such redemption, then the amount for which said property sold on execution shall be paid to said Barnabas Coffin, and said Morton shall satisfy said judgment, and the amount realized on said Iowa judgment shall not operate as a credit on said Ohio judgment. Nor shall the satisfaction of said Iowa judgment by said Morton, as between him and said Fletcher, operate to satisfy said Ohio judgment." The agreement bears date November 27, 1867.

The defendants introduced evidence showing that upon the judgment rendered in this case certain lots in Council Bluffs were sold October 16, 1867, to J. P. Cassiday. That notice was given by defendants' attorney at the sale, of a motion to set aside the judgment, and that the purchaser claimed that he was buying the property as agent of plaintiff. The foregoing is the substance of all the evidence introduced by defendant. Upon the new trial plaintiff offered no evidence. Thereupon the court confirmed the judgment before entered. The appellant insists that the evidence did not authorize such an order.

I. Admitting that the judgment first rendered in this case is the one referred to in the agreement, of which we

think there may be some question, or at least it is not made clearly to appear, we do not conceive that fact is a sufficient defense to this action, or rather a sufficient reason to set aside the judgment first rendered in the case.

The agreement provides for the satisfaction of the judgment, for its settlement, and for certain things to be done in case property had been sold thereon. This by no means is a defense to the cause of action upon which the judgment was rendered, and cannot be given as a reason why the judgment shall be vacated, nor as a cause for refusing the order confirming the judgment. In order that the agreement be performed according to its terms the judgment must stand.

II. In this view, the fact of the sale of the lots is no defense to the action, nor cause against the confirmation of the judgment. We fail to see the relevancy of the evidence given in regard thereto. Certainly it had no bearing upon the question of plaintiff's right to recover, and his consequent right to have the judgment confirmed, and these were the questions before the court.

III. Defendants insist, that, as no evidence was given by plaintiff, the court should not have confirmed the judgment. The defendants' answer did not deny the execution of the note nor plaintiff's property therein. It in terms denies indebtedness to plaintiff as claimed by him in the petition, or in any sum or amount whatever. A denial of indebtedness in that form is not sufficient to put in issue the execution of a note sued on, nor plaintiff's property therein. *Mann* v. *Howe*, 9 Iowa, 546.

1. PLEADING: denial of execution of note.

The answer, therefore, must be held to admit the execution of the note and plaintiff's right to maintain the action thereon.

No evidence was necessary to prove these facts. Neither was it necessary to introduce the note in evi-

2. PRACTICE: retrial after default: evidence. dence to enable the court to assess damages. That had already been done upon the first trial and as no defence to the action was found upon the second trial, the first judgment stood in full force. It could be vacated or set aside only upon the court adjudging, in the second trial, that there was a valid defense to the action. Upon finding that no such defense existed, the second judgment was simply a confirmation of the first one. Rev. §§ 3160, 3499, 3503.

Affirmed.