## KIETH v. PAULK.

1. **Landlord and Tenant:** LEASE: PAYMENT OF RENT. A lessee of one of two claimants to land, who is put in possession by his lessor and pays him the rent, cannot be held liable therefor to the other claimant, although he has notice of the latter's claim, which claim is afterward established in the courts.

*Appeal from Cedar Circuit Court.*

WEDNESDAY, DECEMBER 15.

ACTION to recover for the use and occupation of real estate. Trial by jury. Verdict for plaintiff and judgment thereon. The defendant appeals.

*T. E. Ingham*, for appellant.

*Wolf & Landt*, for appellee.

SEEVERS, J.—The plaintiff proved that he in January, 1877, owned the real estate to recover for the use and occupation

1. LANDLORD and tenant: lease: payment of rent.

of which this action was brought, that his title was of record, and that defendant had occupied the premises for the cropping season of 1877, and the value of the use.

The defendant proved that he rented of Baldwin in January, 1877, who was then and for sometime previous thereto had been in possession. It was further shown that Baldwin had brought an action to set aside the plaintiff's title, and that in December, 1877, a decree was rendered thereon by

the District Court, granting in substance the relief asked. On appeal to this court, this decree was reversed in December, 1878. *Baldwin v. Wheeler et al.*, 50 Iowa, 46. The effect of this decision was that Baldwin did not own, and had no interest in, the real estate. Before the decree was rendered by the District Court, the defendant paid the rent to Baldwin. The plaintiff knew the defendant rented of Baldwin, and had entered into possession under him. The plaintiff also knew the rent was about to be paid, yet he took no steps to prevent its being done, although he had the opportunity of so doing. Previous to the renting the defendant was notified by the plaintiff in substance that he owned the real estate and he had better not rent of Baldwin, if he did so he, plaintiff, would look to him for the rent. As to the foregoing facts there was no dispute. This being so, the court instructed the jury to find for the plaintiff, and the question is whether the instruction is erroneous.

When the title to real estate is in dispute it would seem to be desirable if it could be safely leased, so far as the lessee is concerned, of one or the other of the disputants. If it can be safely leased the only person who could do so would be the one in possession, or who is able to put the tenant into possession.

It is settled beyond all controversy that a lessee cannot repudiate the title of his lessor. There are some recognized exceptions to this rule. 1 Hilliard on Real Property, 369. But this case does not come within any of them.

It is equally well settled if the " tenant enters under his lease, and continues to occupy without what would be tantamount to an eviction, he cannot in an action to recover the rent show either that his lessor had no title when he made his lease, or that his title has determined since then." 1 Hilliard on Real Property, 373; *Naglee v. Ingersoll*, 7 Pen. St., 185; *Morse v. Roberts*, 2 Cal., 515.

The defendant, therefore, could not have successfully resisted an action brought by his lessor to recover the rent. It

follows the defendant could voluntarily do that which the law would compel him to do.

In *Gardner v. Gardner*, 25 Iowa, 102, the lessee rented of the person holding the legal title. But we are unable to see this makes any difference, for it was the lessees duty to pay the rent to his lessor, whether the latter owned the legal title or not. The principle applicable to this class of cases does not rest for its support on the fact the lessor owned the legal title, but on the doctrine of estoppel. As it was the defendant's duty to pay the rent to his lessor, and as he did so, it follows he cannot be compelled to pay some one else again.

The notice given the defendant by the plaintiff would not have protected the former in an action brought by his lessor. Whether the plaintiff could have taken any steps to protect his claimed rights is not in the case.

The court erred in the instructions given the jury, who should have been instructed that under the undisputed facts the plaintiff could not recover.

REVERSED.