## WHEELER v. KIRKENDALL.

1. **Execution Sale of Land**: RIGHTS OF TENANT END WITH DEED TO PURCHASER: CODE, § 3625, NOT APPLICABLE. A tenant in possession of land sold on execution, under lease from the execution defendant, can have no higher or better rights than his lessor, and he is charged with notice of the sale, and of the expiration of the time for redemption; and, if he sows a crop which he cannot reap within that time, it is his own folly, and he cannot hold the land for the purpose of reaping his crop, under § 3265 of the Code, which does not apply to such a case. (Compare *Downard v. Groff*, 40 Iowa, 597, and *Martin v. Knapp*, 57 Id., 336.)

*Appeal from the Superior Court of Council Bluffs.*

MONDAY, DECEMBER 14.

ACTION at law to recover the possession of real estate. Trial to the court. Judgment for the plaintiff, and defendant appeals.

*Wright, Baldwin & Haldane,* for appellant.

*A. J. Hart* and *G. A. Holmes,* for appellee.

SEEVERS, J.—The court found that the plaintiff was the owner of the real estate in controversy; that he obtained such title " by purchase at a special execution sale of said property against the owner, C. C. Clemins; that said sale was on the twelfth day of May, 1884, and the right to redeem expired on the twelfth day of May, 1885; that the said Clemins failed to redeem,    *    *    *    and plaintiff procured his deed on the thirteenth day of May, 1885, and on the fourteenth day of May, 1885, notified the defendant that he demanded possession, which was refused; that the defendant claims to have a right of possession by virtue of the written lease executed to him, December 9, 1884, by Clemins; " that at the time of the service of said notice defendant was in the act of plowing, sowing and planting the real estate to crops," and continued so to do. The court, as a conclusion

of law, found that the plaintiff was entitled to the immediate possession of the real estate, and judgment was rendered accordingly:

It is insisted by the appellant that the judgment is erroneous because it does not provide that the defendant might continue in possession of the premises as provided in Code, § 3265, which provides that if the defendant aver that he has a crop sowed, planted or growing on the premises, then the jury or court is required to make certain findings, and then, upon the execution of a bond, possession of the premises may be retained until the first day of January next succeeding the trial. The plaintiff could have instituted an action for forcible entry and detainer before a justice of the peace, and, under the facts found by the court, he could have recovered. Code, § 3611. In such an action the defendant would not have been entitled to retain possession until he had gathered his crops, for the reason that he knew, or was bound to know, that the title to the real estate might vest in some one else than his lessor prior to the time his crops could be harvested. His right in this respect was no better than his lessor. For this reason we do not think the section above referred to contemplates this kind of a case, but one where a person is in possession of real estate as owner or tenant, who in good faith plants or sows, with the belief that he can reap before another person is entitled to and can lawfully demand possession of the premises. The defendant was bound to know the extent of his lessor's right and title. The statute, in our judgment, does not contemplate a case where one plants a crop knowing at the time that his right to possession will expire before it can be harvested, or is matured and ready to be harvested, as was held in *Hecht v. Dettman*, 56 Iowa, 679. In addition to what has been said, it seems to us that the question in this case must be regarded as having been settled against appellant by the adjudications of this court. *Downard v. Groff*, 40 Iowa, 597; *Martin v. Knapp*, 57 Id., 336.                             AFFIRMED.