R. M. STANBROUGH, Appellant, v. EDWARD COOK,
Appellee.

83    705
86    741
83    705
88    316
83    705
92    640
83    705
110    408
83    705
114    663
83    705
124    205
83    705
f126    88

1.  **Lease of Lands Pending Litigation :**  CONSTRUCTIVE NOTICE: RIGHTS OF LESSEE.   Under a lease of lands taken pending proceedings to foreclose the lessor's equity of redemption in the leased premises, the lessee will hold said premises subject to the rights of the plaintiff in said proceeding, and will be bound by the judgment rendered therein although not made a party thereto.

2.  ――――: ――――: ――――: EFFECT OF OPENING JUDGMENT AS TO LESSOR. The lessor having been served with notice of said proceeding by publication only, her subsequent appearance to defend, as provided by section 2877 of the Code, *held,* not to extend the time of said lessee's right of possession under said lease, pending the retrial, beyond the limit of time for redemption by said lessor as fixed by said judgment.

3.  **Foreclosure of Mortgage :**  REDEMPTION: RIGHT OF POSSESSION. An adjudication entitling persons interested in real estate to redeem from a foreclosure sale thereof after the expiration of the statutory period for redemption will not entitle such persons, nor those claiming under them, to the possession of such property during the extension of time for redemption, and after the delivery of a sheriff's deed under said sale.

4.  ――――: CONVERSION OF CROPS BY LESSEE: LIABILITY TO GRANTEE UNDER SHERIFF'S DEED.   A lessee of lands under a lease as above described is not entitled to the protection of the provisions of section 3264 of the Code as against an action to recover damages for the wrongful conversion of pasturage and crops raised upon the demised premises after the execution and delivery of a sheriff's deed to the plaintiff in said foreclosure proceeding.

5.  ——: ——: ——. An action for damages based upon such conversion may be maintained by the owner of the premises under sheriff's deed while the lessee is in possession, and before an action to recover the demised premises has been commenced.

*Appeal from Delaware District Court.*—HON. D. J. LENEHAN, Judge.

MONDAY, OCTOBER 26, 1891.

ACTION to recover the value of certain pasturage and crops alleged to have belonged to the plaintiff, and to have been wrongfully appropriated by the defendant, and converted to his own use.  There was a trial by the court, without the intervention of a jury, and a judgment in favor of defendant.  The plaintiff appeals. *Reversed*.

*Powers & Lacy* and *Yoran & Arnold*, for appellant.

*Henderson, Hurd, Daniels & Kiesel*, for appellee.

ROBINSON, J.—The pasturage and crops in controversy grew on land which is owned by the plaintiff. He obtained the title as follows:  In March, 1882, H. P. Chapman, then the owner of the land, executed a mortgage thereon to one Emma Chase, which was duly recorded on the first day of April of that year.  That mortgage was foreclosed by a decree which was rendered on the fifteenth day of February, 1887.  On the twelfth day of the next September the land was sold to the plaintiff under the decree of foreclosure, and on the fifteenth day of September, 1888, a sheriff's deed therefor was executed and delivered to the plaintiff, and duly recorded.  The defendant took possession of the premises in March, 1888, under a lease made to him by Susan E. Daniels.  She claimed title from Chapman through the foreclosure of a mortgage given by him on the first day of March, 1884.  That mortgage was

foreclosed, the property in controversy sold under the decree of foreclosure, and on the seventh day of April, 1887, a sheriff's deed therefor was issued to Lucy Daniels. On the twenty-sixth day of October, 1887, she conveyed the interest she acquired by the sheriff's deed to the lessor of the defendant. Some questions in regard to the title under which the parties to this action respectively claim were considered in *Stanbrough v. Daniels*, 77 Iowa, 562. A decree of foreclosure was rendered in favor of the plaintiff in that case, and the time for redemption was extended by this court for the period of ninety days from the twentieth day of May, 1889. Susan E. Daniels had been made a party to that action, but was served with notice thereof by publication only, and did not appear therein until after the rendition of the decree, which was in March, 1888. In January, 1890, she appeared in the district court, and on her application it was ordered that there be a retrial of the cause so far as it affected her, and that she be permitted to make defense. She thereupon filed an answer, in which she set out several defenses, but it does not appear that there has yet been a retrial.

I.   The defendant was not made a party to any of the foreclosure proceedings affecting the land, and his

1. LEASE of lands pending litigation: constructive notice: rights of lessee.

rights and those of his lessor have never been adjudicated excepting by the decree in the case in which the retrial was ordered. About the fifteenth day of September, 1888, the plaintiff demanded of the defendant the possession of the premises; and on the eleventh day of October, 1888, the plaintiff served upon the defendant a notice in writing to quit and surrender the premises within three days. On the second day of the next month the plaintiff notified the defendant to quit and surrender the premises within thirty days, and on the twenty-second day of December, 1888, and again on the twenty-fourth day of August, 1889, similar notices

were served. This action was commenced on the thirtieth day of October, 1889. Prior to that date the defendant had paid to Susan E. Daniels all the rent which had become due by the terms of her lease. The petition alleges that the plaintiff is and has been since the fifteenth day of September, 1888, the owner in fee simple of the premises in controversy, and that he has been entitled to the exclusive use and occupation thereof at all times since that date, and that during that time the defendant has wrongfully occupied the premises, and has wrongfully gathered and converted the crops and products therefrom to his own use. Judgment for one thousand dollars and costs, and for an injunction to restrain the defendant from a repetition or continuance of the wrong, is demanded.

The case of *Stanbrough v. Daniels* was commenced in October, 1887. On the first day of the next month an amendment to the petition making Susan E. Daniels a party defendant was filed. The relief asked was the foreclosure of the lien of the plaintiff represented by the sheriff's certificate of sale held by him, and the fixing of a time, as against all the defendants, not extending beyond September 12, 1888, within which redemption from the sheriff's sale should be made; and, if redemption was not made within the time fixed, then that the defendants be forever estopped from claiming any interest in the premises in controversy. The demand for relief was based upon a sufficient statement of facts in the petition as amended, and from the time the amendment was filed all parties interested in the premises had constructive, if not actual, notice of the title thereto of the plaintiff and of Susan E. Daniels. The last-named person was adjudged in default for want of an appearance on the twentieth day of March, 1888, and on the same day the court found against all of the defendants, and in favor of the plaintiff, adjudging his lien as represented by his certificate of sale to

be paramount and superior to that of each and all of the defendants, and decreeing that, unless redemption from the sheriff's sale should be made on or before the twelfth day of September, 1888, all the right, title and claim of the defendants should be absolutely and forever barred and foreclosed. The defendant took his lease a short time before the decree was rendered, but with constructive notice that the plaintiff demanded and claimed to be entitled to the premises. His lease was, therefore, subject to all the rights of the plaintiff, and he acquired no greater right to occupy and use the premises than that possessed by his lessor. The title of the lessor had been acquired through a mortgage which was junior to that under which the plaintiff claimed, and to which it was subject. *Downard v. Groff,* 40 Iowa, 597; *Shricker v. Field,* 9 Iowa, 371; *Shaw v. Heisey,* 48 Iowa, 468; 2 Freeman on Executions, sec. 335. The interest acquired by the defendant, as fixed by the decree, was the right to occupy and use the premises until the twelfth day of September, 1888, and no longer, unless redemption was made. The fact that he was not made a party to the foreclosure proceedings did not enlarge his rights, nor affect those of the plaintiff fixed by the decree, for the reason that the litigation was pending when the lease to defendant was given. He was bound by the judgment, although not made a party to it. Code, sec. 2628; *Jackson v. C., M. & A. Ry. Co.,* 64 Iowa, 294, and authorities therein cited.

II. It is said that the foreclosure proceedings, as against Susan E. Daniels, are still pending, and that the decree rendered against her by default is entitled to no weight as an adjudication of her interests and the rights created by her lease to the defendant. Her application for leave to make defense in the action was authorized by section 2877 of the Code. That provides that when a judgment has been rendered against a defendant, who did

2. ——: ——: ——: effect of opening judgment as to lessor.

not appear, and who was served by publication only, he may appear at any time within two years after the rendition of the judgment, and move to have the action retried, and, security for costs being given, that he shall be admitted to make defense.    It further provides that, when that is done, "the action shall be retried as to such defendant as if there had been no judgment." But that clause refers only to the mode of trial.    In all other respects the judgment stands as rendered until, upon the new trial, grounds are disclosed for modifying or setting it aside.    That is clearly indicated by the following provision:    "And upon a new trial the court may confirm the former judgment, or may modify or set it aside, and may order the plaintiff to restore any money of such defendant paid to him under it, and yet remaining in his possession, and pay to the defendant the value of any such property which may have been taken in attachment in the action or under the judgment not restored."    Section 2878 provides "that the title of a purchaser in good faith to any property sold under attachment or judgment shall not be affected by the new trial permitted by the preceding section, except the title of property obtained by the plaintiff, and not bought in good faith of him by others."    A new trial, as prescribed by section 2877 of the Code, is recognized by chapter 1 of title 19 of the Code in regard to proceedings to reverse, vacate or modify judgments.    Sec. 3154, subd. 2.    Section 3159, found in that chapter, provides that the judgment shall not be vacated until it is adjudged that there is a valid defense to the action; and that, when the judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment.    No relief from the judgment rendered on default, and no restitution of the property acquired under it, are authorized until a retrial is had.    It is treated as a full adjudication of the rights of the

parties until, on a new trial had as though it had not
been rendered, it is found to be erroneous, and is mod-
ified or vacated. See *Morton v. Coffin*, 29 Iowa, 238.
Our conclusion is not in conflict with what was deter-
mined in *Pollock v. Simpson*, 67 Iowa, 519. The
question involved in that case was whether a notice of
an application for a retrial, under section 2877, was
necessary, and this court held that it was not, saying
that, "for the purpose of a retrial, the judgment there-
tofore rendered is to be treated as a nullity." The
effect of the judgment for other purposes was not con-
sidered.

III.   It is claimed that the time given by this court
for redemption in *Stanbrough v. Daniels*, *supra*, did not
expire until the eighteenth day of August,
1889, and that the right of redemption
carried with it the right of possession.
Susan E. Daniels was not a party to the
decree named, and whether she can derive any benefit
from it may be doubtful; but, conceding for the pur-
poses of this appeal that she can, we have to say that
the right of redemption given by the decree was not
the statutory one, and gave no right of possession.
The plaintiff in the case had obtained a decree fore-
closing his lien, as against all the defendants in the
action, and fixing the twelfth day of September, 1888,
as the time after which redemption could not be made.
He received a sheriff's deed a few days after that date,
and thereby acquired the right of possession under a
title, which was paramount to that under which Lucy
Daniels and her grantee claimed.   The appeal did not
affect the right of possession he thus acquired, and the
decree did not refer to it, and did not operate to defeat
or modify it.

IV.   The delivery of the sheriff's deed to plaintiff
vested in him the ownership of the premises, and of

3. ——: foreclos-
ure of mort-
gage: redemp-
tion: right of
possession.

**4. ——: conversion of crops by lessee: liability to grantee under sheriff's deed.** the crops then growing thereon, and the right of immediate possession. *Wheeler v. Kirkendall*, 67 Iowa, 612; *Martin v. Knapp*, 57 Iowa, 343; *Hecht v. Dettman*, 56 Iowa, 680; *Downard v. Groff*, 40 Iowa, 597. But the appellee contends that he is a tenant in possession, in good faith, under a lease from another; that he has paid all the rent which is due by the terms of his lease;' and that he is entitled to the protection of section 3264 of the Code. That provides that "a tenant in possession in good faith, under a lease or license from another, is not liable beyond the rent in arrear at the time of suit brought for the recovery of land, and that which may afterwards accrue during the continuance of his possession." That section is found in a chapter which provides for actions for the recovery of real estate, and evidently refers to actions of that kind. This is not such an action, but is brought to recover damages for the wrongful conversion of pasturage and crops. The section does not, therefore, apply. *Gardner v. Gardner*, 25 Iowa, 102. It is said the authority cited supports the claim of the appellee that he is not liable in this action. But in that case there was a dispute as to titles, the tenant holding under the apparent owner of the legal title. That title was set aside as fraudulent by means of an action in equity to which the tenant was not a party, but before it was so adjudged he had paid the rent in full to his landlord. This court held that it was the duty of the tenant to pay the rent to his landlord, and that, under the facts of that case, he could not be held liable to the person who was adjudged to be the owner of the land. The case of *Kieth v. Paulk*, 55 Iowa, 260, is also relied on by the appellee. The facts in that case were also peculiar. There was a dispute as to the ownership of the leased premises, the tenant leasing of the party who had actual possession. His lessor brought an action to set aside the title of the

one who proved to be the real owner, and succeeded in the district court, but on appeal the judgment of that court was reversed. Before the case was decided on appeal the tenant had paid the rent, and his term had expired. In the opinion rendered by this court, stress was placed on the fact that the tenant could not have successfully resisted an action brought by his lessor to recover rent. In this case the defendant was under no obligation to pay rent for the use of the premises had after the sheriff's deed was issued to plaintiff. It was then his right to attorn to the plaintiff, without liability for so doing to his lessor. Code, sec. 2013; *Mills v. Heaton*, 52 Iowa, 216; *Mills v. Hamilton*, 49 Iowa, 108; Code, sec. 3611; *Wheeler v. Kirkendall*, 67 Iowa, 612.

V. It is insisted that this action cannot be maintained, because the appellee is in possession of the premises, and no action to recover them has been brought. We do not think the claim is sound. If the defendant appropriated and converted to his own use crops which belonged to the plaintiff, a right of action therefor accrued to the latter, which he is entitled to enforce without regard to any question as to the continued occupation of the premises on which the crops grew.

VI. In our consideration of this case we have necessarily treated the rights of the parties as fixed by the decree of March 20, 1889, in favor of the plaintiff, and against Susan E. Daniels, as that does not appear to have been vacated or modified. The judgment of the district court will be reversed, but without prejudice to the right of the defendant to show, if he can, that the decree named is no longer of validity as against him. REVERSED.