### DAVIS v. HARRIS et al.

#### (Circuit Court, N. D. Iowa, W. D. August 25, 1903.)

1. REMOVAL OF CAUSES—TIME OF APPLICATION—MOTION FOR RETRIAL UNDER IOWA STATUTE.

Code Iowa, § 3796, provides that when a judgment has been rendered against a party served by publication only, and who does not appear, such person may, within two years after the rendition of the judgment, appear in court, and move to have the action retried; and, security for costs being given, the case shall be retried as to such defendant as if there had been no judgment, and upon the new trial the court may confirm the former judgment, or may modify or set it aside. As such section is construed by the supreme court of the state, the judgment rendered remains in force, unless upon the new trial it is modified or set aside. Held that, on the filing of a motion under such statute for a retrial, the cause was not removable; the federal court having no power to modify or set aside the judgment previously rendered therein by the state court.

On Motion to Remand to State Court.

E. C. Herrick and O. H. Montzheimer, for plaintiff.

N. L. Guernsey and J. T. Conn, for defendants.

SHIRAS, District Judge. This suit was brought in the district court of O'Brien county, Iowa, for the purpose of quieting the title in the plaintiff, W. J. Davis, to 80 acres of land situated in that county; it being averred in the petition filed that the defendant T. E. Marshall is in possession of the premises, and that the defendants, each and all, make some claim to the premises adverse to the title of the plaintiff. Notice of the suit was given personally to the defendant Marshall, and by publication to the other defendants, under the provisions of the state statute, they being nonresidents of Iowa, requiring them to appear and defend by the 2d day of the December term, 1902, of the district court of O'Brien county. On the 10th day of December, 1902, being the 3d day of the December term, a decree by default was entered in the case, none of the defendants having appeared or otherwise made defense, wherein it was adjudged that the plaintiff was the owner of the premises, and that the several defendants were barred of all claim, right, or title thereto. On the 5th day of May, 1903, Stephen R. Harris, Albert H. Harris, Mary S. Harris, and Anna G. Harris filed a motion for a retrial of the case as to them, on the ground that they had been served with notice of the pendency of the suit by publication only; that they had a good and meritorious defense to the action, and as evidence thereof they tendered an answer, wherein they averred that they were the owners of the fee-simple title of the land, holding title thereto under William Hoffman, to whom a patent had been issued by the United States on the 1st day of December, 1859; that their codefendant, T. E. Marshall, held possession of the premises under a lease from them, he being their tenant; that the only claim the plaintiff had to the land was by virtue of a tax title and deed, which it was averred were invalid and voidable for several reasons, set forth at length in the answer. On the same day the motion for a retrial was filed, the defendants who joined in the motion also filed in the state court a petition for the removal of the case into this court, averring therein that at the time the suit was begun, and ever since, the defendant Stephen R. Harris was and continued to be a citizen of the state of Ohio; that the defendants Albert H. Harris, Mary S. Harris, and Anna G. Harris were each of them, when the suit was begun, and continued to be, citizens of the state of Pennsylvania; that the plaintiff, W. J. Davis, when the suit was begun was, and continued to be, a citizen of the state of Iowa; and that the value of the land exceeded $2,000. The state court granted the order of removal, and, upon the filing of the transcript in this court the plaintiff filed a motion to remand, and also a plea to the jurisdiction of this court, and thus the question is presented whether the case was a removable one when the petition asking the removal was filed and presented in the state court.

The motion for a retrial, filed in the state court, was based upon the provisions of section 3796 of the Code of Iowa, which provides that when a judgment has been rendered against a party served by publi-

cation only, and who does not appear, such person may, within two years after the rendition of the judgment, appear in court, and move to have the action retried; and, security for costs being given, the case shall be retried as to such defendant as if there had been no judgment, and upon the new trial the court may confirm the former judgment, or may modify or set it aside. In construing this section, the Supreme Court of Iowa, in Stanbrough v. Cook, 83 Iowa, 705, 49 N. W. 1010, held that the clause therein to the effect the case should be retried as if there had been no judgment referred only to the mode of trial, and that "in all other respects the judgment stands as rendered until, upon a new trial, grounds are disclosed for modifying or setting it aside." The same rule is held in Morton v. Coffin, 29 Iowa, 235. It thus appears that when the petition for removal was filed in the state court, the case, in due accordance with the provisions of the state statute, had proceeded to judgment, which judgment is yet in force, and will remain so, unless upon a retrial ground for modifying it or setting it aside is proven to exist.

In Vannevar v. Bryant, 21 Wall. 41, 22 L. Ed. 476, in construing the removal act of March 2, 1867, c. 196, 14 Stat. 558, which authorized a removal at any time before the final trial of the case, it was said:

"In Insurance Co. v. Dunn [19 Wall. 214, 22 L. Ed. 68] it was held that after a motion for a new trial had been granted, a removal might be had. But after one trial, the right to a second must be perfected before a demand for the transfer can be properly made. Every trial of a cause is final until in some form it has been vacated. Causes cannot be removed to the circuit court for a review of the action of the state court, but only for trial. The circuit court cannot, after one trial in a state court, determine whether there shall be another. That is for the state court."

It will be remembered that in the case at bar the parties seeking a retrial of the case are not proceeding in equity to have a judgment set aside for fraud or other equitable ground. The motion for a retrial was filed by them in the state court under the provisions of the Code of Iowa. They chose that forum and that mode of relief, and they must be bound by the meaning of the state statute as interpreted by the Supreme Court of the state. By that interpretation, it is settled that in this case a judgment has been rendered which is valid and binding, unless, upon the motion for a retrial, ground for reversing or modifying the same is proven. The Circuit Court of the United States is not clothed with the jurisdiction to reverse or modify the judgment of the courts of the state.

The real controversy or question arising on the motion for retrial filed in the state court is whether the judgment already entered in the case shall be affirmed, reversed, or modified. This court cannot send its mandate to the district court of O'Brien county, directing that court to modify or reverse the judgment already entered by it when it had jurisdiction over the case. The judgment already entered in the district court of O'Brien county will stand in full force and effect until it is reversed or modified by some court having authority so to do. If the right of removal exists in this case, then the jurisdiction of the state court over the same is at an end; and if this court, upon hearing the motion for retrial, should conclude that the judgment should be modified or reversed, how would that be done? This court

cannot reclothe the state court with jurisdiction, and command it to enter the modification or reversal. If this court should reach the conclusion that a retrial should not be granted, and the judgment should stand affirmed, from which court should process be issued to enforce the affirmed judgment? The judgment is the act of the state court, and forms part of the record of that court. The affirmance would be the act of this court, and it would not seem possible for this court to issue process unless this court ordered a judgment to be entered on its records; but, if that were done, it might in some cases deprive the party of advantages, by way of lien or otherwise, which inhered in the state court judgment.

These considerations compel the conclusion that, as the record stood in the state court when the petition for removal was filed, it did not present a controversy over which this court could rightfully assume jurisdiction, the case having gone to judgment, and which judgment of the state court remains in full force and effect, and will so remain, unless upon the hearing upon the motion for retrial, filed under the statute of the state, the same is modified or reversed by the court in which the judgment was rendered.

The motion to remand the case to the state court is therefore sustained.