## VOGEL v. ZUERCHER et al.

(Court of Civil Appeals of Texas. March 1, 1911. Rehearing Denied March 29, 1911.)

1. VENDOR AND PURCHASER (§ 196*)—RIGHT TO RENT—CONVEYANCE BY LESSOR.

A conveyance of land in the possession of a lessee gives to the grantee the rents subsequently accruing.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 404–406; Dec. Dig. § 196;* Landlord and Tenant, Cent. Dig. § 808.]

2. APPEAL AND ERROR (§ 843*)—RULINGS ON PLEADINGS—REVIEW.

The court, in reviewing the sustaining of a special exception to a part of a pleading, will only look to such part of the pleading, and will not consider testimony cited in connection with the assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 843.*]

3. INSANE PERSONS (§ 61*) — CONVEYANCES — VALIDITY.

A deed of an insane person is voidable only.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 93–99; Dec. Dig. § 61.*]

4. INSANE PERSONS (§ 61*) — CONVEYANCES — INVALIDITY—PARTIES ENTITLED TO ATTACK.

Strangers and persons who are merely privies in an estate of an insane grantor may not avoid the deed, which is merely voidable.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 96; Dec. Dig. § 61.*]

5. INSANE PERSONS (§ 61*) — CONVEYANCES — RENTS—LIABILITY OF LESSEE.

A lessee may not avoid payment of rent to a grantee of the lessor, accruing subsequent to the conveyance, by showing that the lessor was at the time of the conveyance insane.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 96; Dec. Dig. § 61.*]

6. LIMITATION OF ACTIONS (§ 24*)—WRITTEN OBLIGATIONS—ACTIONS FOR RENT.

A written lease is a written obligation, and, when passing to a third person by a conveyance of the land by the lessor, an action by the grantee for rents subsequently accruing is on the written obligation and is not barred in two years.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 112–117; Dec. Dig. § 24.*]

7. LANDLORD AND TENANT (§ 230*)—TRANSFER OF LEASED PREMISES—ACTION BY GRANTEE FOR RENT.

Where a grantee of a lessor suing the lessee for rent subsequently accruing pleaded the deed as transferring the lease, the allegation in the petition that a part of the rent was orally reserved by the lessor was merely an admission of her right and a disclaimer by the grantee that far, notwithstanding the deed, and the grantee could recover the rent except that orally reserved.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 230.*]

8. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

A party may not complain on appeal of an instruction more favorable to him than warranted by law under the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4056; Dec. Dig. § 1033.*]

9. TRIAL (§ 333*)—ACTION FOR RENT—PETITION—VERDICT.

Where the petition in an action for rent alleged that all the rents called for in the lease as due on July, 1906, until the termination of the lease on December 1, 1907, were due, a verdict for the full amount of rent from July 1, 1906, to December 1, 1907, was sufficient, though the petition erroneously stated in one place that the lease terminated October 1, 1905.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 784; Dec. Dig. § 333.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by William Zuercher and another against Herman Vogel. From a judgment for plaintiffs, defendant appeals. Affirmed.

Guinn & McNeill, for appellant. Salliway & McAskill, for appellees.

JAMES, C. J. The original petition of Wm. and John Zuercher against Herman Vogel alleged: That on August 30, 1905, Anna Uecker executed a lease to Vogel for a term of four years and three months from October 1, 1905, upon certain land, attaching the lease as an exhibit. That Vogel agreed to pay an annual rent of $425 payable on October 1, 1905, the sum of $106.25, from January 1, 1906, the sum of $212.50, and the same sum every six months thereafter in advance; the contract providing for its termination by either party on the 1st day of October, 1907, on certain notice. And that the lease was terminated on October 1, 1905 (evidently meaning 1907). That on or about May 16, 1906, Anna Uecker conveyed the land to plaintiffs by general warranty deed, but plaintiffs say that by an oral agreement with Anna Uecker at the time the deed was made she was entitled to the rent from the date, to wit, May 16th, to June 1, 1906. That the deed was duly recorded in May, 1906. That immediately after the execution of said deed they orally and by letter notified Vogel of their right to claim the rent due July 1, 1906, and that they were the owners and holders of the lease and entitled to the rents due upon the lease after their acquisition of the property. That defendant has never paid them any rent and is due them the rents that accrued on July 1, 1906, and subsequently with interest, which sum now amounts to $531.65, together with interest at the rate of 6 per cent. from and after the date when such payments became due. That they are the owners and holders of the lease together with the deed, etc.

The amended answer demurred generally to the petition, and specially: That there are no facts, as distinguished from conclusions, that allege that said lease was transferred or assigned to plaintiffs, nor that they became owners of said contract, nor when and how the same became the property of plaintiffs. There was a general denial; plea of limitations; plea that his agreement was to pay rent to Anna Uecker and no one else; and that he paid the rents in accordance with this obligation to said Anna Uecker upon her positive demand and insistence that the same was payable to her, and her only,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

with the statement that the property was hers and not plaintiffs'. That the deed was a fraud and deception perpetrated by plaintiffs. That Mrs. Uecker so informed defendant, and threatened that unless the rent was paid to her she would file suit against defendant for same, which would have put defendant to great expense and trouble, and, having promised to pay her, he believed it was his legal duty to do so, and was so advised by counsel. That said deed was in fact only a contract procured from Anna Uecker by plaintiffs, her sons-in-law, at a time when she was very old and while her mind was in a decrepit and unsound condition, for an inadequate consideration, $2,000 to be paid, which was never paid, and for the further consideration of their furnishing her a home and providing and caring for her for life, which was not performed. That the alleged deed was, if anything, a mere contract of title, and she peremptorily demanded of defendant that he pay no lease money to plaintiffs, declaring the contract forfeited, and that she would sue for same, if not paid to her. That, although plaintiffs had a deed in form, the taking care of her was the principal consideration thereof, and was a continuing one until the time of her death, which occurred one or two years after the accrual of the said rents, at which time a suit was pending, of which defendant was apprised at the time, to cancel and annul said deed for fraud, weak mindedness of the grantor, and the other reasons above mentioned, in which suit said plaintiffs had the right and opportunity to sue for, in their cross-bill, said rents against Anna Uecker, whom they knew at the time had received and appropriated said rent, and that their claim and demand, if any they had, was then and still against said Anna Uecker, and, failing to demand it against her, on their contract with her, they are estopped from further making claim for said rents, especially against this defendant; that is to say, they have waived said rent and are not now entitled to demand or recover same. Defendant further says when the rents were due and payable that the title was not in the plaintiff and was then being disputed by the parties, and defendant was not made party to the contract, and, being obligated to Mrs. Uecker, the party in whom the title vested at that time, he in good faith paid same as aforesaid, and plaintiff claims that, if any claim he had, same was against the said vendor.

To the above answer plaintiff by supplemental petition interposed various demurrers, and pleaded res adjudicata, alleging: That Mrs. Uecker brought suit to cancel the deed upon the grounds as stated by defendant, in which suit judgment was rendered declaring the deed valid on June 13, 1908, which remains a valid, subsisting, and final judgment. That in response to plaintiffs' demands for rents defendant claimed he was going to hold the rent until said suit of Uecker v. Zuercher was decided. That said Anna Uecker left a will duly probated ratifying the deed and devising the purchase-money notes, and the devisees had accepted the said purchase money, etc.

After the trial the court charged the jury to find for plaintiffs for the amount sued for, unless they found that at the time plaintiffs purchased from Mrs. Uecker it was agreed and understood between them that she was to retain the rents due and to become due. The verdict was for plaintiffs for the rent from July 1, 1906, to December 1, 1907, with interest at 6 per cent. per annum.

The first assignment complains of the overruling of defendant's special demurrer to the original petition, which demurrer claimed that the pleading contained no proper allegations stating facts as contradistinguished from legal conclusions, to show that plaintiffs became the owners of the lease contract. We overrule this assignment for the reason that the legal effect of the fact of the conveyance was to entitle the grantees to the rents accruing subsequently. Hearne v. Lewis, 78 Tex. 276, 14 S. W. 572.

The second assignment is that the court erred in sustaining plaintiffs' special exception to that part of the answer setting up demands made by Mrs. Uecker, as immaterial and setting up no defense. Appellant makes citation from the testimony in connection with this assignment, but all that can be looked to is the pleading to which the demurrer was addressed. The portion of the answer in question was as follows, as set forth in appellants' brief: "That in pursuance of his allegation under the lease from Anna Uecker he has paid the rent to her promptly, upon her specific demand, and her positive instructions that same was payable to her and her only, and with the statement that the property was hers and not that of plaintiff. * * * That unless he paid the same to her she would file suit on the written contract against the defendant for said rents, and she would have done so and put the defendant to great expense and trouble."

This, in our opinion, constitutes no defense, and the exception was properly sustained. The case of Kieth v. Paulk, 55 Iowa, 260, 7 N. W. 588, is clearly distinguishable, on the facts, from this one. Here Mrs. Uecker was the original lessor who conveyed the land to plaintiffs, who became thereby her assignees of the lease and the holder of the legal title. A mere claim that the property remained hers, and a threat on her part to sue Vogel for the rent, were no sufficient warrant for his paying the rent to her.

The third assignment complains of the sustaining of an exception to said answer wherein defendant sets up "that the deed in question was executed by Anna Uecker at a time when she was mentally unsound and incompetent to transact business; that same was for an inadequate consideration; that it

was obtained by fraud and deceit on the part of plaintiffs; that said deed was merely a conditional contract, the conditions of which, on the part of plaintiffs, were never performed; that a part of the consideration for said conveyance was a contract on the part of plaintiffs to support, maintain, and take care of the grantor, which contract they had failed to perform; and that her death was caused by their failure to properly care for her, they having permitted her to escape and wander alone in the woods all night, her death occurring a few hours after being found." The proposition is that it was not foreign to the issues to plead any matter which, if proven, would avoid the effect of such deed as a transfer of title to the plaintiffs.

It is well settled that the deed of an insane person is not void, but only voidable. Williams v. Sapieha, 94 Tex. 430, 61 S. W. 115. We, in this connection, quote from Devlin on Deeds, § 75: "Strangers and persons who are merely privies in estate of the grantor have no right of avoiding a voidable deed. * * * In a bill of equity brought to rescind a contract for land, it was alleged that one of the parties through whom the title had passed was insane when he executed his deed, and that one claiming by inheritance had commenced proceedings to have the deed canceled. It was held that the legal title passed by the deed, which could not be defeated at the instance of a stranger, and there was no equity on the bill. A purchaser under such circumstances should show that the deed had been set aside, or at least that such a suit is pending as in all probability would result in the cancellation of the deed." Applying this principle, there is no doubt that the said portion of the answer was properly stricken out.

The fourth is that the court erred in overruling defendant's exception to the effect that plaintiffs' petition shows on its face that their cause of action was 'barred by the statute of limitations of two and four years. The proposition asserts that the two-year statute applied. The contract of lease being a written obligation, and passing to plaintiffs by force of the deed, or by any other form of transfer for that matter, the agreement by defendant to pay rent was not barred in two years.

The fifth and sixth assignments are overruled as the consequence of what has been held under the third assignment.

The seventh complains of the charge by two propositions: First, because the evidence on the issues were conflicting and the charge was a peremptory direction to return a verdict for the plaintiff for the full amount sued for; and, second, that the charge is equivalent to a finding by the court that the lease was transferred by the execution of the deed, and in this respect is contrary to the pleadings of both parties, which are in accord on the point that the lease did not pass with the deed, but was disposed of by special agreement between plaintiffs and Mrs. Uecker.

The testimony was not conflicting as to the amount plaintiff should recover. The deed of conveyance was pleaded by plaintiff as transferring the lease, and there was no allegation contrary to this. The allegation that part of the lease money was orally reserved by Mrs. Uecker was merely an admission of her right and a disclaimer by plaintiffs that far, notwithstanding the deed. The issue submitted authorizing the jury to find against plaintiffs on an oral agreement was a submission favorable to defendant, more so than he was entitled to under the evidence, and of it he cannot complain.

The eighth assignment complains of the refusal of charges to the effect that the execution of the deed did not of itself effect a transfer of the lease. It is not a fact that the pleadings of plaintiff amounted to an agreement or admission that the lease was not transferred by the execution of the deed, but only so by a special agreement between the parties.

The ninth and final assignment is that the court erred in receiving the verdict and rendering judgment thereon. The proposition made under this assignment is that, the amount asked for in plaintiffs' pleadings being conflicting and uncertain, the verdict finding "the full amount of rent asked for from July 1, 1906, to December 1, 1907," is likewise uncertain, indeterminate, and insufficient to base a judgment upon.

It is true that the petition states in one place that the lease was terminated on the 1st day of October, 1905; but in the connection in which this appears it is reasonably clear that the pleader meant 1907. The pleading elsewhere alleges that defendant is due plaintiffs all rents called for in said lease as due on the 1st day of July, 1906, and all time subsequent thereto. The verdict, in itself, is clear as to the time for which rent is allowed. It reads "for the full amount of rent asked for from July 1, 1906, to December 1, 1907, with interest at the rate of 6 per cent. per annum." The verdict does not refer to the petition for anything except the rate of the rental, which was clearly alleged.

We have considered all matters pertinent to the assignments, and find no valid ground for reversal.

Judgment affirmed.