## DOWNARD v. GROFF.

1. **Mortgage :** TENANT: EMBLEMENTS. A mortgagee may evict the mortgagor without notice and retain the emblements; and, if a lease be granted subsequently to the execution of the mortgage without the concurrence of the mortgagee, he may evict the lessee without notice and retain the emblements.

2. ———: RULE APPLIED. D. executed a mortgage upon his real estate, due in one year; he subsequently leased the premises by parol to L. who entered into possession, putting in crops, etc.; G., the assignee of the note and mortgage, foreclosed his mortgage and became the purchaser at sheriff's sale, afterwards conveying by warranty to A.: *Held*, that the tenant acquired no greater right than the mortgagor possessed and was therefore subject to eviction after foreclosure and sale. *Held*, also, that the right to emblements passed to the purchaser.

*Appeal from Iowa Circuit Court.*

TUESDAY, JUNE 15.

THIS is an action upon a covenant of warranty, in a conveyance by the defendant to the plaintiff, of the northwest quarter of the southwest quarter of section thirty-four, township seventy-nine, range twelve, west. The issues are as to the breach and the measure of damages. There was a jury trial resulting in a verdict and judgment for plaintiff, for ninety dollars. The defendant appeals.

*H. B. Wilson & Cornell Bros.*, for appellant.

*Rumple & Lake*, for appellee.

COLE, J.—The facts are few and are not controverted. October 22, 1867, F. Dorstal executed a mortgage upon the premises to Donovan, to secure a note for $250, due one year thereafter, given for the balance of the purchase money. This mortgage was duly recorded October 22, 1869. On January 1870, Groff, the defendant, became, by purchase, the owner of the note and mortgage. November 1, 1870, Dorstal, the mortgagor, leased said premises, by parol, to Leroy, for one year from that date, and he entered, at once into possession. Janu-

ary 4, 1871, Groff commenced his action of foreclosure against Dorstal, the mortgagor, but did not make Leroy, the lessee and tenant, a party thereto, not having at that time any knowledge of the lease. A judgment of foreclosure was obtained, and on April 29, 1871, the premises were sold, under appraisement, to the defendant herein, Groff, and on May 8, 1871, the sheriff conveyed the same to him by deed, which was then duly recorded. June 3, 1871, Groff and wife conveyed the premises to this plaintiff, Amanda J. Downard, with the following covenants, upon which the breach sued for in this action, is assigned:—"and we do hereby covenant with the said Amanda J. Downard, that we are lawfully seized in fee-simple of said premises; that they are free from incumbrance; that we have good right and lawful authority to sell the same, and we do hereby covenant to warrant and defend the said premises, and appurtenances thereto belonging against the lawful claims of all persons whomsoever." On June 23, 1871, this plaintiff brought her action against Leroy, before a justice of the peace, to recover possession of the premises, but was defeated, at a cost of $17. No appeal was taken from the judgment against her, because the lease would expire before a hearing of the appeal could be had. On September 21, 1871, this action was commenced.

We deem it unnecessary to set out or review the instructions at length; but will state briefly the law applicable to the case. It may be conceded, that since Leroy, the tenant, was in possession under a lease from the mortgagor, and was not made a party to the foreclosure suit, that he is not bound or affected by the judgment therein. But this fact does not alter *the rights* of the mortgagee, or of the purchaser under the foreclosure sale, as against such tenant. It only affects the remedy and defeats the use of the judgment as evidence. By the lease from Dorstal, the mortgagor, to Leroy, the latter acquired no greater rights in the premises than the mortgagor had. The tenant stands exactly in the situation of the mortgagor. As between the mortgagor and mortgagee, the latter, by the foreclosure and sale, became entitled to the possession of the premises, and to all the crops then

1. MORTGAGE: tenant: emblements.

growing thereon.   This right of the purchaser was not and
could not be defeated by reason of the lease, or by the fact
that the possession was in, or that the crops were grown by,
the lessee.   The right to the possession, and the right to the
growing crops passed to the purchaser.   If the tenant had
been made a party to the foreclosure suit, the possession and
the crops could have been delivered to him by process under
that judgment; but since he was not made a party thereto he
cannot obtain that remedy except by some other action.   The
purchaser's rights however are just the same as they would
have been if the tenant had been made a party.   It follows,
therefore, that Groff by his purchase and sheriff's deed, became
the absolute owner of the premises, including the crops grow-
ing thereon; and by his conveyance he invested the plaintiff
herein with that ownership, and she might by proper action,
have enforced her rights as such owner against the tenant.
Her failure to do so cannot give her any cause of action against
the defendant, her grantor.   There was, therefore, only a tech-
nical breach of warranty, entitling plaintiff to nominal dam-
ages.

This is clearly the doctrine of all the cases, both ancient and
modern, unless it may be the case of *Cassilly v. Rhodes*, 12
Ohio, 88, and that case seems to be based upon a construction
of the appraisement law of that state.   And the whole matter
is well summed up in *Jones v. Thomas*, 8 Blackford, 428, as
follows: "A mortgagor is not entitled to emblements as tenants
at will are, 4 Kent's Com., 456.   A mortgagee may evict the
mortgagor without notice, and retain the emblements; and if
a lease be granted subsequently to the mortgage without his
concurrence, he may evict the lessee without notice and retain
the emblements.   Coate on Mort, 351; 2d Swift's Dig., 156; 2d
Cruise's Dig., 108.   The reason of this was said by the older
writers to be, that the lessee was evicted by a title paramount,
and the lease of the mortgagor amounted to a disseisin of the
mortgagee, which rendered the lessee upon entry a wrongdoer.
But a sufficient and better reason appears to be, that every
person who takes under a mortgagor, takes subject to all the
rights of the mortgagee, unimpaired and unaffected, 4 Kent's

Comm., 157; 16 Johns. R., 292; 18 Ib., 487; 6 Cowen 147. When, therefore, a mortgagee obtains the absolute estate in fee of the mortgaged premises, by becoming the purchaser under a foreclosure and sale, he is entitled to the emblements, and may maintain trespass against the mortgagor, or his lessee for taking and carrying away the crops growing at the time of the sale. · *Lane v. King*, 8 Wend., 584; the title and interest of the mortgagor or his lessee being subject to, and liable to be divested by a foreclosure and sale of the mortgaged premises. *Shepherd v. Philbrick*, 2 Denio., 174." See also the cases cited in a note to the last case, and also the numerous authorities cited, and stated in note *c*, Ch. 9, Vol. 1, Hill on Mortg., (3d ed.)

REVERSED.

### ON REHEARING.

A rehearing was applied for and granted in this case, and upon a full and thorough examination of the entire cause the former opinion herein has been modified by changing the closing sentence in next the last paragraph of the opinion, from "There was no breach of warranty," to "There was, therefore, only a technical breach of warranty, entitling plaintiff to nominal damages." The costs on the petition for rehearing will be taxed to appellant. See further *Lane v. King*, 8 Wend., 584; *Mayo v. Fletcher*, 14 Pick. 530.

REVERSED.