HECHT v. DETTMAN.

1. **Crops**: WHEN NOT A PART OF REALTY: FORECLOSURE OF MORTGAGE. As between the purchaser of land at a foreclosure sale and a tenant of the mortgagor, the latter is entitled to crops grown by him which are matured at the time the sheriff's deed is executed, though not yet severed from the land.

*Appeal from Cedar Circuit Court.*

THURSDAY, OCTOBER 20.

ACTION of replevin. There was a verdict and judgment for plaintiff; defendant appeals. The facts of the case appear in the opinion.

*F. C. James* and *Wolf & Landt*, for appellant.

*Piatt & Carr*, for appellee.

BECK, J.—I. Two cases are presented together in this appeal. They involve the same facts and rules of law, and are between the same parties; they are therefore properly submitted together upon the same abstract. There is no dispute as to the facts, which are as follows: The property replevied is barley, cut and in shocks, and oats, being partly threshed and partly in bundles or sheaves, all upon the premises where it was grown. The defendant had rented the land of one Ehrke, who had previously executed two mortgages thereon, one, the senior incumbrance, to the New England Loan Company and the other to the plaintiff Hecht. After defendant had rented the land plaintiff foreclosed his mortgage, and on the 7th day of July, 1879, the time for redemption from the sale, as prescribed by the statute, having expired, a deed was executed by the sheriff. The other mortgage was foreclosed and the land was sold to one not a party to this transaction and the time of re-

demption under the statute expired August 15, 1879, when a sheriff's deed was made. The foreclosure and sale under this mortgage cut off all claim or title held by plaintiff as well as by the mortgagor. Defendant continued in possession of the land up to the trial in the court below. At the time plaintiff received his deed the grain was not cut, but it was mature and ready for harvesting before that day. Rainy weather had prevented the defendant from cutting the grain before plaintiff's deed was executed. The court instructed the jury that the title of the grain passed to plaintiff by the sheriff's deed and directed a verdict for plaintiff. We are required to determine whether this view of the law be correct.

II. The sheriff's deed executed upon the foreclosure sale vested plaintiff with the title of the land, and the right to all growing crops followed the title thus acquired. *Downard v. Groff*, 40 Iowa, 597.

This rule, we think, is not applicable to grain which has matured and is ready for the harvest. It then possesses the character of personal chattels, and is not to be regarded as a part of the realty. See 1 Schouler's Personal Property, 125, 126; Bingham on Sales of Real Property, 180, 181.

This conclusion is well supported upon the following reasons: The grain being mature, the course of vegetation has ceased and the soil is no longer necessary for its existence. The connection between the grain and the ground has changed. The grain no longer demands nurture from the soil; the ground now performs no other office than affording a resting place for the grain—it has the same relations to the grain that the warehouse has to the threshed grain or the field has to the stacks of grain thereon. It will not be denied that when the grain is cut it ceases to be a part of the realty. The act of cutting, it is true, appears to sever the straw from the land. But it is demanded by the condition of the grain. It is no longer growing; it is no longer living blades which require the nourishment of the soil for its existence and de-

Hecht v. Dettman.

velopment. It is changed in its nature from growing blades of barley or oats to grain mature and ready for the reaper. Now the mature grain is not regarded by the law like the growing blades, as a part of the realty, but as grain in a condition of separation from the soil.

Suppose the defendant had cut a part of the seventy-two acres of grain in controversy; the grain so cut, it will not be denied, would not have passed to plaintiff. There is no valid reason why the act of cutting should change the property in the grain. The work required time and therefore plaintiff loses a part of his property. All of the grain is in the same condition, all ready for the reaper. The part cut is his property, while the part uncut belongs to the land owner. We think the ownership of the grain should be determined by its condition, not by the act of cutting, which cannot be done as soon as it is demanded by its condition. We conclude that for the reason the grain was mature and was uncut because defendant has been unable to do the work, it cannot be regarded as part of the realty which passed with the deed to plaintiff.

III. Counsel for defendant insist that as defendant was in the adverse possession of the land the action of replevin will not lie to recover the grain. We find it unnecessary to determine the question thus raised, as we hold that defendant's right of property in the grain accrued when the grain matured, whether he did or did not hold adversely to the plaintiff after the sheriff's deed was executed.

The judgment of the Circuit Court must be

REVERSED.

ON REHEARING.

ROTHROCK, J.—A petition for rehearing was granted in this case not because any member of the court doubted the correctness of the principle involved in the opinion, but because the question as to when a crop ceases to be a part of the realty was not discussed in the original arguments of counsel.

The arguments on the question which have been submitted on the rehearing are able and exhaustive. Without reviewing the authorities cited in argument we deem it sufficient to say that we still believe the opinion to be correct in principle, and it is well supported by authority. It is not to be denied there are adjudged cases, in courts entitled to the greatest respect, which hold that upon a sale of real estate all crops standing upon the ground and not severed from the soil, whether ripe or unripe, pass with the land. These are cases, however, between vendor and vendee, where the interest in the land and crop is united. There seems to be a distinction in favor of a tenant. In Washburn on Real Property, pp. 4 and 5, it is said: " Growing crops planted by the owner of the soil constitute a part of the realty, but if planted by a tenant who holds under the owner of the soil, and the same are fit for harvesting, or by one whose tenancy is for an uncertain period of time, annual crops are regarded as personal property, liable to become part of the realty if the tenant voluntarily abandons, or forfeits possession of, the premises. Growing crops standing upon the soil when the latter is conveyed pass as part of the realty if planted by the grantor."

The rule we adopt as applicable to the facts of this case is manifestly just. Dettman was warranted in the belief that, according to the seasons, and the course of nature, his grain would be harvested while he yet had the right to harvest it. So far as the ripening of the grain was involved it met his just expectations. But by reason of unfavorable weather he was unable to sever it from the ground before the title passed to Hecht. Having sown in peace, and in a just belief that he could rightfully reap, we think he should have been permitted to do so. The former opinion is adhered to.