## Lafayette B. Reed

### v.

## John E. Bartlett.

1. Lease—Subsequent mortgage—Rent.—Where an estate for years has been granted by the owner of the fee, the reversion is all that is left in him upon which a mortgage subsequent to the lease will operate, and where the mortgage has the effect of transferring the legal title, the mortgagee may be considered as the assignee of the reversion, and after condition broken, can have all the remedies for the collection of accruing rent that is afforded to those holding under a deed of bargain and sale.

2. Lease by owner of equity of redemption.—In this State, where premises, incumbered by an outstanding term, are mortgaged, the only estate remaining in the owner of the fee is the equity of redemption, and his grantees can take no greater estate than he had to convey, and when they, as owners of the equity of redemption, carved out a new lease, the latter estate comes from the equity of redemption and not from the fee, and upon a foreclosure of the mortgage, and sale, the equity of redemption and the leasehold estate became extinguished.

3. Purchaser at foreclosure sale.—The purchaser at such foreclosure sale became the owner in fee and could maintain ejectment or forcible detainer against the tenant holding under the grantors of the equity of redemption.

4. Purchaser cannot distrain for rent.—The purchaser at a foreclosure sale cannot distrain for rent unless the tenant attorns to him, and a mere notice by the purchaser to the tenant to pay him the rent, when the tenant does not consent, will not make the tenant liable in an action for the rent.

Appeal from the Circuit Court of Kane county; the Hon. J. W. RANSTED, Judge, presiding. Opinion filed November 2, 1881.

Oliver D. Woolf on the 26th day of October, 1877, mortgaged the N. ½ S. E. ¼ Sec. 23 T. 40 R. 7, in Kane county, to Margaret E. Gulliver, to secure a note of $2,000, the mortgage containing a power of sale. February 23, 1879, Woolf conveyed his equity of redemption to John Woolf, and F. G. Garfield, and they on March 1, 1879, leased the premises to the defendant for one year for the sum of $118, out of which amount defendant was to pay the taxes, and the balance to be paid in two equal installments on December 1st, 1879, and March 1st, 1880. The taxes, amounting to $22.79, were paid by the defendant, leaving each installment of rent $47.60. The appellee went into possession of the premises under this lease, and occupied the same until the fifth day of January, 1880, when he surrendered the premises to Garfield. Mrs. Gulliver foreclosed her mortgage by advertisement and sale on the 28th day of August, 1879, under the power contained in the mortgage, and one N. J. Hitchcock became the purchaser at the sale and received a deed of the premises from the mortgagee.

Hitchcock went upon the premises in September, and notified the defendant that he had purchased the land and that the defendant should not remove anything from the premises, and later in the same month verbally demanded of the appellee that he surrender the premises to him as such purchaser.

The appellee refused to recognize Hitchcock as his landlord, pay him any rent, or give up the premises.

After the first installment of rent became due according to the lease, Hitchcock commenced suit to recover it, and afterwards, on January 25th, 1880, he conveyed the premises to the appellant, and at same time gave him an order on appellee to pay the rent due March 1, to the appellant.

The appellee not paying it, this suit was instituted to recover it before a justice of the peace, and on appeal to the county court of Kane county, a trial was had which resulted in a verdict and judgment against the plaintiff below, and he brings the record to this court by appeal.

Reed v. Bartlett.

Messrs. BOTSFORD, BARRY & RUSSELL, for appellant; that the grantee has all the remedies to enforce payment of rent that his lessor had, cited Crosby v. Loop, 13 Ill. 625; Willard v. Tillman, 2 Hill, 267; Taylor's Land. & Ten., § 439; Rev. Stat. 1874, Chap. 80, § 14.

Accruing rent passes with the conveyance, and the purchaser may collect it: Taylor's Land. & Ten. § 447; Kennedy v. Kennedy, 66 Ill. 190.

Mr. T. C. MOORE, Mr. WM. J. BROWN, and Mr. F. G. GARFIELD, for appellee.

PILLSBURY, J.    There was some testimony tending to show that the appellee promised the plaintiff to pay the order given him by Hitchcock for the rent falling due March 1st, 1880, but this question was fairly submitted to the jury, and they having found, very properly as we think, that no such promise was made, we shall consider the case independent of that question.

It is contended by the appellant here and plaintiff below, that independent of any promise upon the part of the appellee to pay the last installment of rent to him, he is entitled to recover, upon the ground that he occupies the position of an assignee of the reversion, and as such under the law in this State, he is invested with all the rights and remedies of the lessors of the appellee.

We do not find it necessary in this case to determine whether the assignee of the reversion can sustain an action on the covenant to pay rent, contained in the lease, under our present statute, where the tenant has refused to attorn to the assignee of the lessor, as in our opinion the appellant does not stand in the position of such assignee of the reversion.

It is probably true that in those jurisdictions where the rule that a mortgage of real property conveys the legal title is recognized, that the mortgagee would be treated as an assignee of the reversion, when the premises mortgaged at the date of the mortgage were held by another, under a lease from the mortgagor.

In such case, the mortgage of a necessity is made subject to the outstanding term that the mortgagor had, antecedent to the mortgage carved out of the fee, and the lease being valid and binding upon the lessor, is equally so as to his assignee.

An estate for years having been granted by the owner of the fee, the reversion is all that is left in him, upon which a mortgage subsequent to the lease can operate, and where the mortgage has the effect of transferring the legal title, it may well be that the mortgagee can be considered as the assignee of the reversion, and can at least after condition broken, have all the remedies for the collection of accruing rents, that the law affords those holding under a deed of bargain and sale.

But such is not the case here. When Woolf executed the mortgage to Mrs. Gulliver he was the owner in fee.

The premises were unincumbered by any outstanding term. The only estate remaining in him was the equity of redemption, and he could invest his grantees, Woolf and Garfield, with no greater estate than he himself possessed.

When they, as owners of the equity of redemption, leased the premises to the appellee, his estate for years was carved out of the equity of redemption and not out of the fee. The estate granted to the appellee, and the reversion in them constituted the entire equity of redemption, and when the mortgage was foreclosed the equity of redemption became extinguished and the reversion and the leasehold estate fell with it.

The purchaser at the mortgage sale became the owner of the premises in fee; and could have treated the occupant as a trespasser and recovered the possession by ejectment without notice, or in forcible detainer under the statute, and when evicted under the paramount title of the mortgagee neither the mortgagor or his lessee would be entitled to the emblements. Downer v. Groff, 40 Iowa, 597; Gilman v. Wills, 66 Maine, 273; Lane v. King, 8 Wend. 584; Jones v. Thomas, 8 Blackf. 428.

But the purchaser cannot distrain for rent, or bring an action to recover it, unless the tenant has attorned to him, as the relation of landlord and tenant does not exist between them. Rogers v. Humphreys, 4 Ad. & El. 299; and a mere,

Reed v. Bartlett.

notice by the purchaser to the tenant to pay the rent to him when the tenant does not consent or act under it, does not make the tenant liable in an action for the rent. Evans v. Elliott, 9 Ad. & El. 342.

Now in this case it appears that the appellee refused to recognize Hitchcock as his landlord, either by attorning to him or by the payment of rent to him, or in any other manner. There was no privity then established between the appellant and appellee, by virtue of the conveyance from Hitchcock to the appellant, and there being no promise upon the part of the appellee to pay the rent to the appellant, we fail to see upon what ground a recovery could be sustained in this case.

Whether Hitchcock could recover of the appellee for the use and occupation of the premises, is not a question now before us, and upon which we express no opinion. But whether he could or not, it is evident that the appellant can have no such basis for recovery, as the appellee was not in possession of the premises at the time the appellant became owner of the land, he having before that time surrendered the premises to his landlord, Garfield.

We discover no error in the record prejudicial to the appellant, and therefore affirm the judgment of the Kane County Court.

Judgment affirmed.