## ELLITHORPE V. REIDESIL ET AL.

1. **Appeal to Supreme Court**: AMOUNT IN CONTROVERSY. Plaintiff in his petition alleged that defendants had entered upon his land and cut and carried away a portion of the crops, and laid his damages at $100. He also asked for an injunction to restrain them from cutting and carrying away the remainder of the crops. *Held* that the amount in controversy, as shown by the pleadings, exceeded $100, and that an appeal would lie to this court without the certificate of the trial judge.

2. **Execution**: GROWING CROPS CANNOT BE SOLD UNDER. Immature crops belong to the land on which they are growing, and they cannot be levied upon and sold on execution as personal property; and where such sale is attempted the purchaser acquires no right which he can assert as against one who purchases the realty from the judgment debtor before the maturity of the crops. (See opinion for cases followed and distinguished.)

*Appeal from Ida Circuit Court.*

SATURDAY, MARCH 12.

PLAINTIFF claimed damages for an alleged trespass committed by the defendants in entering upon certain premises belonging to him, and cutting and carrying away a portion of the crops growing thereon. He also prayed for an injunction to restrain defendants from committing further trespass on the premises. There was a verdict and judgment for defendants. Plaintiff appeals.

*L. A. Berry*, for appellant.

*Gray, Warren & Buchanan*, for appellees.

REED, J.—I.    Appellees filed a motion to dismiss the appeal, on the ground that the amount involved, as shown by the pleadings, does not exceed $100, and that no question of law was certified to this court for determination by the trial judge.    Plaintiff alleged in his petition that the trespass complained of consisted in cutting and carrying away a portion of the crops growing on the premises, and that he had sustained damages in consequence thereof in the sum of $100, for which amount he prayed judgment.    He also prayed that defendants be restrained by injunction from further trespassing upon the premises.    The defendant Leinmiller alleged in his answer that he was the owner of all the crops growing on the premises, and that he acquired title thereto by purchase at a sale on execution against the property of one M. R. Ellithorpe, and that he had no notice when he made the purchase that plaintiff had any title or interest therein.    The pleadings then put in issue the question of the ownership of that portion of the crop which remained on the premises, as well as the portion which defendants are charged with having cut and carried away.    It clearly appears that the controversy involves an amount sufficient to give this court jurisdiction. The motion will therefore be overruled.

*1. APPEAL to supreme court: amount in controversy.*

II.    Plaintiff acquired title to the premises on the sixth of July, 1885, by deed from the Iowa Railroad Land Company.    In 1880 that company had executed a contract for the sale of the land to W. R. Able. M. R. Ellithorpe became the owner of this contract by assignment, and he went into possession of the premises in 1884.    He cultivated the land during that year, and raised a crop thereon during that year.    He also planted the crops in question in 1885.    At some time before the date of the deed from the land company, he assigned the contract to

*2. EXECUTION: growing crops cannot be sold under.*

plaintiff, who paid the balance of the purchase money due thereon, and received the conveyance; but the date of that assignment was not shown. The defendant Reidesil recovered a judgment against M. R. Ellithorpe in justice's court, on which an execution was issued on the sixth of June, 1885. The constable to whom this execution was directed attempted to levy the same on the crops growing on the premises, and on the sixth of July following he offered them for sale under the execution, and they were bid in by the defendant Leinmiller. At the time of the levy and sale, the crops were all immature, some of them having been planted but a short time before the levy. Leinmiller entered upon the premises some three or four weeks after his purchase, and harvested a portion of the crop, and removed a small portion of the grain from the premises; and these are the acts of which plaintiff complains.

Plaintiff claimed that his purchase of the contract was made before the sale on execution; but, as stated above, the date of the assignment was not proven. Nor did he prove that Leinmiller had any notice of his purchase when he bid in the crops at the execution sale. The circuit court ruled that, as Leinmiller had no notice of plaintiff's ownership of the premises when he bid in the property, he acquired title to it, and was not guilty of a trespass in gathering the crops after they matured. This ruling cannot be sustained. There is no pretence that the constable had any authority or power to levy on or sell any interest in the real estate. Nor is it claimed that he did so. The whole proceeding was on the theory that the crops were personal property, and could be levied on and sold as such. But while they remained immature, and were being nurtured by the soil, they were attached to and constituted part of the realty. They could no more be levied upon and sold on execution as personalty than could the trees growing upon the premises. This doctrine is elementary, and it has frequently been declared by this court. See *Downard v. Groff*, 40 Iowa, 597; *Burleigh v. Piper*, 51

Id., 649; *Hecht v. Dettman*, 56 Id., 679; *Martin v. Knapp*, 57 Id., 336. The case is very different in its facts from *Nuckolls v. Pence*, 52 Id., 581. In that case, although the crop was immature when the plaintiff purchased the premises, it was mature when the execution against the vendor was levied upon it and it was sold; and it was held that it was then personalty; and, as the purchaser at the execution sale had no notice of the change of ownership, he acquired title by his purchase. But in the present case it pertained to the realty when the attempt to sell it was made. The purchaser, therefore, acquired nothing by his purchase. Conceding that the plaintiff had no interest in the premises before the execution of the deed from the land company, as the crops were then immature, they passed to him by the conveyance as part of the realty.

REVERSED.