D. E. STRAWHACKER, Appellant, v. G. IVES & SONS *et al.*    114  661
                                                             f126  88

**Leasehold Interest:** ASSIGNMENT OF GROWING CROPS:  *Executions.*
1  Where a judgment debtor merely assigns a growing crop on
3  land leased by him, the leasehold interest remains in him, and
   is subject to execution.

**Demurrers:** SCOPE OF RULING ON:  *Affidavits filed with petition.* Af-
1  fidavits filed with a petition will not be considered in ruling on
2  a demurrer thereto.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, OCTOBER 16, 1901.

G. IVES & SON recovered judgment against Henry Strawhacker November 1, 1897, and on the first of March, 1898, the latter leased of Ballard 278 acres of land for one year. On June 30th following, execution was issued on this judgment, and was levied on "all the right, title, and interest of defendant, Henry Strawhacker, in and to the following described real estate and the crop of corn thereon as follows [describing the leased land]," and sale was advertised for the fourth of August. On the second of that month the plaintiff, a brother of the execution defendant, filed his petition, alleging that the crops growing on the premises were immature, that he was owner of an undivided three-fifths interest therein, and prayed that

the sale be enjoined. Accompanying the petition were the affidavits of plaintiff and the original lessee to the effect that the lease had been assigned to plaintiff, and he was in possession of the premises prior to the levy. A temporary writ of injunction was granted, but subsequently dissolved on motion. Thereafter defendants demurred to the petition on the ground that the judgment was a lien on the leasehold estate, at the time of its transfer to plaintiff, superior to any interest therein acquired by him. The demurrer was sustained, and plaintiff, having elected to stand on the ruling, the petition was dismissed, and he appeals.—*Affirmed.*

*H. O. Weaver* and *Blake & Blake* for appellant.

*Hale & Hale* and *C. A. Carpenter* for appellees.

LADD, J.—The affidavits formed no part of the petition, and could not have been considered in ruling on the demurrer. This being true, appellant's argument, in so far as based on the thought that the judgment defendant was a mere cropper, is not in point. The petition refers to the crops in controversy as growing "on land leased by H. E. Strawhacker from M. J. Ballard for the year 1898." His, then, was a leasehold interest of one year's duration. 1 Washburn Real Property, 574.

II. The point argued is whether defendant's judgment was a lien on Henry Strawhacker's leasehold interest in the land, but, as the petition contains no averment that plaintiff had any claim thereto, the question was not necessarily involved in the ruling on the demurrer; for, if the crops had been severed from the realty by sale prior to the levy of the execution, the lien of the judgment was thereby divested,—that is, the crops thereby became personal property, and ceased to be an "interest in land" on which the statute established the lien of a judgment. The allegation of the petition is that the plaintiff "purchased the aforesaid crops before any

levy was made, and the possession of said crops was taken by plaintiff herein before said levy," and he became the absolute owner thereof. Ordinarily, growing crops are to be treated, as contended by appellee, as part of the soil from which they receive nourishment. This is true in event of sale, by the owner without reservation, or on foreclosure of a mortgage. *Ralston v. Ralston,* 3 G. Green, 533; *Downard v. Groff,* 40 Iowa, 599; *Hecht v. Dettman,* 56 Iowa, 679; *Stambrough v. Cook,* 83 Iowa, 711. And in *Ellilhorpe v. Reidesil,* 71 Iowa, 317, it was held that growing crops, being immature, and receiving nurture from the earth, might not be levied on as personal property. On this point it should be said that the authorities are not in harmony. See *Polley v. Johnson,* 52 Kan. 478 (35 Pac. Rep. 8, 23 L. R. A. 258), and extended note. The distinction between *prima natura,* the natural or permanent growth from the soil, and *fructus industriales,* the products of agriculture, is pointed out in many of the decisions, and a decided tendency manifested to treat the latter at all times as personal property. But, regardless of differences of opinion on this question, the courts seem to be agreed that the owner, by his voluntary act, may so far separate the growing crops from the soil as to pass title thereto independent of his estate in the land. "Although a sale of growing crops of annual culture not yet mature would seem to carry with it an interest in land, since the crop must stand upon and draw nutriment from the soil until it shall have grown and matured for the harvest, the cases appear to be quite uniform in holding that the property in the crop would pass, with a license to enter and sever the same; and some of the English cases put it upon the same ground as by which one may hold emblements growing upon the soil of another." 3 Washburn Real Property, 346; *Whipple v. Foot,* 2 Johns. 418 (3 Am. Dec. 442); *Austin v. Sawyer,* 9 Cow. 42; *Graff v. Fitch,* 58 Ill. 377 (11 Am. Rep. 85); *Parker v. Staniland,* 11 East. 362. This is the theory on which chattel mortgages upon the immature crop

have been upheld. *Wheeler v. Becker,* 68 Iowa, 723; *Norris v. Hix,* 74 Iowa, 524. In such a case there is a constructive severance from the realty, and the mortgage attaches to the crops as personal property. It must not be overlooked that a sale of the crops, and not the assignment of the lease, is alleged, and we know of no reason why such a sale may not be made apart from the leasehold. So far as the record discloses, that remained in the judgment defendant, and might be levied on and sold. This must have been the view of the district court. True, the sheriff's return is to the effect that he levied on the judgment defendant's interest in the land (describing it) "and the crop of corn thereon," but there is no claim that he seized the corn, or could have done so, while it was growing. *Ellithorpe v. Reidesil, supra.* As the leasehold interest only was levied on, the owner of the crop severed therefrom by sale had no interest in restraining the disposal thereof by the sheriff.—Affirmed.