JOHN NEWBURN v. HIRAM LUCAS, Appellant.

126    85
143   148

**Deeds:** BREACH OF COVENANTS: DAMAGES. In an action for breach
1 of covenants of warranty without reservation, a statement of the grantee's agent in procuring the deed which was made to the grantor, that it was the custom of the grantor to retain the crops where the conveyance was not made until after July 1st, upon which the vendor did not rely, and it further appearing that there was no agreement between the vendor and vendee that the crops should be reserved; held that the grantee was entitled to damages for failure to secure the crops, although the agent's statement may have been within the scope of his authority.

**Judgment on the pleadings.** A verified answer and counterclaim will
2 not be taken as true and judgment rendered thereon, because of an unverified reply. The proper practice is a motion to strike.

**Appeal:** OBJECTION TO PLEADINGS. The insufficiency of a pleading
3 which states a cause of action, cannot be first assailed in the appellate court.

**Appeal:** PLEA IN BAR. One who has not pleaded a judgment in bar
4 of the action cannot raise the question on appeal.

**Deeds:** BREACH OF COVENANTS. An action on the covenants of a deed
5 cannot be defeated by parole evidence of the grantee's knowledge of an incumbrance.

**Conveyances:** GROWING CROPS. Unmatured crops receiving nourish-
6 ment from the soil pass with a conveyance.

**Damages:** GROWING CROPS. In an action for breach of covenants of
7 warranty in a deed for the loss of growing crops, the measure of damages is the value of the crops at the time of the conveyance.

**Lien for damages.** Where plaintiff and his grantor exchanged lands,
8 and there was a breach of warranty as to the crops under the covenants in the grantor's deed, plaintiff was entitled to a lien for his damages on the land conveyed to the grantor.

**Damages:** FAILURE TO PAY TAXES. Where it clearly appears from the deed itself that it was the intent of the parties to except taxes from the covenants of warranty, the grantee is not entitled to damages for the grantor's failure to pay the same.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

WEDNESDAY, DECEMBER 14, 1904.

SUIT in equity to recover damages for the breach of the covenants of warranty in a deed, and asking that the damages awarded be made a lien upon the property deeded to the appellant in exchange for the land conveyed to the plaintiff. The defendant counterclaimed for a breach of warranty, and asked the reformation of the conveyance to the plaintiff. Judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Henry H. Griffiths* and *Blake & Blake,* for appellant.

*C. C. Cole,* for appellee.

SHERWIN, J.— The deed from the appellant to the plaintiff contains the usual covenants of warranty, without reservation of any kind. At the time the conveyance was made — July 8, 1901 — the appellant's grantor was in possession of the land, and entitled so to remain until the following March. He had also reserved the growing crops, and was entitled thereto at the time of the appellant's conveyance to the plaintiff. The evidence is not sufficient to warrant the reformation of the deed; it is not the clear and convincing evidence necessary to overthrow a written instrument.

1. DEEDS: breach of covenants; damages.

The judgment record in the plaintiff's action against the defendant's grantor does show that Shepherdson was acting as the plaintiff's agent in negotiating the transfer of properties, and it is true that the knowledge thus acquired by him,

and the agreement made by him within the scope of his authority, will bind the plaintiff. But conceding this, and the fact that when the trade was pending he stated that when a conveyance of land was made after the 1st of July it was the custom for the grantor to retain the growing crop, the defendant did not rely upon the statement, according to his own testimony, nor does it appear that there was any agreement between the plaintiff and Lucas relating to a reservation of the crops and possession for the use and benefit of Hail. *Gerald v. Elley,* 45 Iowa, 322.

There is no merit in the appellant's claim that he was entitled to a judgment on the pleadings. Notwithstanding the verification of his answer and counterclaim, the allegations thereof cannot be taken as true because of an unverified reply. *Wright v. Marsh,* 2 G. Greene, 94; *Taylor v. Runyan,* 9 Iowa, 522; *Wolff v. Hagensick,* 10 Iowa, 590. Advantage of an unverified pleading can only be taken by a motion to strike. *Rush v. Rush,* 46 Iowa, 648.

2. JUDGMENT ON THE PLEADINGS.

And, if the reply was not as specific as the appellant thought it should be, a motion to have it made more specific was the remedy. The petition states a cause of action, and not having been assailed in the court below, it is now too late to raise a question as to the sufficiency of its allegations.

3. APPEAL: objection to pleadings.

The adjudication pleaded therein was for the purpose only of recovering the costs of that suit and of showing disseisin. The appellant did not plead that judgment as a bar to this action, and cannot now be heard on the question.

4. APPEAL: plea in bar.

There was a breach of warranty in this case, without doubt; indeed, we do not understand that it is seriously contended otherwise. It may be conceded that the plaintiff had full knowledge of Hail's rights under his agreement with the appellant, and still he is entitled to recover. In an action of covenant

5. DEEDS: breach of covenants.

the deed governs, and the grantor cannot defeat the covenant by parol evidence of the grantee's knowledge of an incumbrance. *Barlow v. McKinley,* 24 Iowa, 69; *McGowen v. Myers,* 60 Iowa, 256; *Van Wagner v. Van Nostrand,* 19 Iowa, 422.

At the time of the appellant's conveyance to the plaintiff, the corn and onions were unmatured and receiving nourishment from the soil; they were therefore a part of it, and were 6. CONVEYANCES: conveyed by the deed to the plaintiff. *Straw-* growing crops. *hacker v. Ives,* 114 Iowa, 661; *Hecht v. Dettman,* 56 Iowa, 679; *Stanbrough v. Cook,* 83 Iowa, 705; *Downard v. Groff,* 40 Iowa, 597.

The serious contention arises over the measure of the plaintiff's damages. The trial court allowed him the value of the corn and onions at the time of the conveyance, as we 7. DAMAGES: understand the record, and we think this the growing crops. rule that should be applied in this case. The purpose of the law is to give to an injured party full and adequate compensation for his injury, and hence it is that no rule of damages can be declared which will meet the requirement in all cases. It has been held by this court, and we think it the general rule as well, that in an action upon a covenant against incumbrances, where there is an outstanding lease, the measure of damages is ordinarily the rental value of the land for the unexpired term. *Wragg & Son v. Mead,* 120 Iowa, 319, and cases cited. But in that case the damages claimed were for the use of the premises for a special purpose, and this was also true in *Alexander v. Bishop,* 59 Iowa, 572. In case the incumbrance has been paid by the grantee, the measure of his recovery is the amount paid. *Guthrie v. Russell,* 46 Iowa, 269. It is the general rule, also, that, where only a portion of the land is lost, there may be a recovery of a portion of the consideration. *Mischke v. Baughn,* 52 Iowa, 528; *McDunn v. The City of Des Moines,* 39 Iowa, 286. See, also, cases cited in 11 Cyc. 1172. In *Van Wagner v. Van Nostrand, supra,* we held

that a grantee could recover the value of a barn which had been removed from the premises by a tenant under an agreement with the grantor. Where the title to fixtures fails, their value may be recovered. *Grose v. Hennessey,* 13 Allen (Mass.) 389. The underlying principle in all cases of this kind is that the damages should be estimated according to the real injury arising from the breach of the covenant, and it is manifest that, when crops have reached the point where they have a distinct value of their own as a part of the soil, it is no injustice to the grantor to treat them as a building or any other fixture would be treated, and to allow the value thereof, if it can be ascertained, upon a breach of the warranty. This amounts to no more than a recovery of " the difference in value between the property in the condition it was covenanted to be and its actual condition," and is a proper measure of damages. 2 Sutherland on damages, 278; *Blanchard v. Blanchard,* 48 Me. 174; *Hall v. Gale,* 20 Wis. 308.

It is contended, however, that there is no competent evidence to support this measure of damages. It must be conceded that the plaintiff's evidence on this question is somewhat doubtful, at least, but the defendant's own testimony fixes the value of the corn and onions at about the same price fixed by the plaintiff and his witness. The plaintiff is entitled to a lien on the land conveyed to the appellant. *McDole v. Purdy,* 23 Iowa, 277; *Brown v. Byam,* 65 Iowa, 374.

8. LIEN FOR DAMAGES.

The appellant is estopped by his pleadings from claiming a breach of the covenants of the deed to him; but if such were not the case his own testimony on the subject would defeat recovery, for he says in substance that he told the tenant that he might remain.

The deed from the plaintiff to the appellant recited that the land was free and clear of incumbrances, except taxes, and covenanted against the " lawful claims of all persons whatsoever, taxes." The exception and the word " taxes," where

used the second time, were written into the deed.    The intent **9. Damages: failure to pay taxes.** of the parties clearly appears from the deed itself, and we think the appellant's claim for taxes paid was properly denied.

The judgment is *affirmed*.