FRED D. DURFLINGER, Appellee, v. WILSON G. HEATON, Appellant.

No. 42737.

FEBRUARY 5, 1935.

Ralph H. Munro and Starr & Jordan, for appellant.

Jones & White, and Richard C. Leggett, for appellee.

DONEGAN, J.—The facts of this case, so far as pertinent to the questions before us on this appeal are substantially as follows: Prior to March 1, 1931, plaintiff and defendant entered into a

written lease by the terms of which defendant leased to plaintiff a certain farm consisting of 80 acres in Jefferson county, Iowa. Plaintiff with his family went into possession of such farm on March 1, 1931, and continued in such possession until some time subsequent to the 21st day of September, 1931. On September 21, 1931, there was a severe storm which caused considerable damage to the leased premises. Plaintiff claims that following such storm he requested the defendant to repair some broken windows in the house, that defendant refused to do so, and that because of the uninhabitable condition of the house plaintiff's wife and children were obliged to leave the premises and that plaintiff also left. the premises, going to the home of his father and leaving the stock and property on said premises in charge of a neighbor. Defendant's version is that he never refused to make repairs upon the house, but that a few days after the storm the plaintiff and his wife and family left the premises without saying anything to defendant, and never returned or paid any further attention to the property which remained upon the premises.

Under the terms of the written lease all of the land except about 15 acres, which consisted of hay land, some pasture, and the portion of the land upon which the buildings were situated, was leased upon share rent, but the 15 acres was leased for $7 per acre cash rent evidenced by a note of $105 payable September 15, 1931. It is undisputed that defendant made advancements to the plaintiff prior to the time of the storm in the amount of $167.85, that prior to the storm defendant had received the proceeds of the sale of some timothy seed raised upon the 15 acres for which cash rent was to be paid in the sum of $76.63, that early in November, subsequent to the storm, defendant was also paid in cash the sum of $80, and in his petition plaintiff admitted that he was indebted to the defendant in the sum of $116.22, which would be the balance remaining after adjusting the above-mentioned items of credit and debit between the parties. It is claimed by the plaintiff that after he had paid the $80, and while the accounts between him and the defendant remained in the condition as above stated, the defendant ordered him off of the premises and told him that he could not have anything to do with any of the property thereon, and that the defendant thereupon took possession of all of the property of the plaintiff upon the premises and converted it to his own use. The defendant denies that he ordered the plaintiff off of the premises

or refused to allow plaintiff to care for or to exercise acts of ownership over his property, and alleged that he had a lien for the unpaid rent on all plaintiff's chattels, and that he merely refused to allow the plaintiff to remove the property from the premises until the balance of the rent was paid.

In his petition the plaintiff alleged and asked damages in the sum of $150 for the wrongful ejectment from the premises. He also alleged that the acts of the defendant were actuated by malice and with the intent to oppress and wrong the plaintiff and asked exemplary damages in the sum of $1,000. The case was tried to a jury which returned a general verdict against the defendant in the sum of $1,187.81. A motion for new trial and exceptions to instructions were overruled and judgment entered on the verdict. From such judgment the defendant appeals.

Several errors are alleged by appellant as grounds for reversal, but many of the errors thus alleged have not been argued upon the appeal and cannot, therefore, be considered by this court.

Among the errors which have been argued are those directed against the instructions given by the trial court. In the court's instructions to the jury the issues raised by the pleadings were set out quite fully. In stating the allegations of the defendant's answer the court, in instruction No. 2, told the jury such answer alleged that, according to the terms of the lease, a failure to pay the rent when due, or to comply with any of the provisions of the lease, or an abandonment of the premises, or a failure to farm the land in good farmlike manner, would mature the note for the rent and authorize the defendant to consider the lease forfeited, and to take possession of the premises without notice and without process of law; that the note for $105 for rental of premises was due September 15, 1931, and was unpaid; that the plaintiff failed to cultivate the leased premises in a good farmlike manner; that shortly after September 21, 1931, plaintiff abandoned the premises and the remaining crops thereon; and that, because of plaintiff's failure to pay the rent when due, and to farm the land in a good farmlike manner, and his apparent abandonment of the premises, the defendant re-entered, as was his right, under the terms of the lease, solely for the purpose of preventing loss to himself, but did not attempt any control or direction of the property of plaintiff, except such as was necessary for its preservation.

In its instruction No. 6 the court told the jury that the claim of plaintiff for $150 damages, because of the alleged wrongful ejectment from the leased premises, was withdrawn from their consideration. In its instruction No. 7 the court told the jury that as to the plaintiff's claim that certain of his personal property had been converted, the burden was upon the plaintiff, and that, before he could recover, he must establish:

"That the defendant, on or about the ............ day of November, 1931, wrongfully entered upon the leased premises and wrongfully converted to his own use the property, above set out  *  *  *."

Instruction No. 11 is as follows:

"Defendant claims that the plaintiff voluntarily abandoned said leased premises and left his personal property thereon at or about the time plaintiff alleges defendant wrongfully converted said property.

"The lease between the parties provides, in part, that an abandonment of the premises, or a failure of the tenant to farm the land in a good, farm-like manner, shall authorize the said first party to consider the lease forfeited, and he may take possession of the premises without notice and without process of law.

"Under these provisions of said lease if you find from the evidence that the plaintiff voluntarily abandoned the premises or failed to farm the land in a good farm-like manner, then in such case defendant would have the right to consider the lease forfeited and to take possession of said premises without notice or process of law.

"And if you so find that plaintiff voluntarily abandoned said leased premises and left his personal property thereon, then defendant could not be held to have converted said property to his own use, unless you find by the greater weight or preponderance of the evidence that subsequent to such abandonment, if any, and prior to the commencement of this action on December 14, 1931, the defendant wrongfully converted said property, or some thereof, to his own use."

An examination of instruction No. 11 shows that the court told the jury that the lease provided that an abandonment of the premises or a failure to farm the same in a good farm-like manner would authorize the defendant to consider the lease forfeited and

to take possession, and that if, under these provisions of the lease, the jury found that plaintiff voluntarily abandoned the premises or failed to farm the land in a good farm-like manner, the defendant would have the right to consider the lease forfeited and to take possession of the premises without notice or process of law.

Appellant complains because such instruction failed to tell the jury that nonpayment of rent, in accordance with the provisions of the lease, would entitle the defendant to take possession without notice or process of law, as well as the abandonment of the premises or the failure to farm the land in a good farm-like manner. The defendant in his answer had admitted the entry upon the premises and the taking of such possession of the plaintiff's property as was necessary to preserve it, but had denied any and all acts of conversion. The court, in its instruction No. 6, had withdrawn from the jury the issue as to any damage on account of any wrongful entry and ejectment. In its instruction No. 7, the court told the jury that, before the plaintiff could recover for the alleged wrongful conversion of his property, he must establish both a wrongful entry upon the premises and a wrongful conversion. Under this last part of the instruction the plaintiff could not recover for the conversion of his property, unless he further proved that defendant's entry upon the premises was wrongful. The correctness of this instruction might be questioned by the plaintiff, because it placed upon him the burden of showing that defendant's entry was wrongful, whereas there might be a conversion by a subsequent act even if the defendant's entry was not wrongful. Any such error, however, would not be prejudicial to the defendant. But, even though not prejudicial to defendant, this instruction became the law of the case, and it made the lawfulness or unlawfulness of defendant's entry upon the premises an essential issue in the case. While the court had withdrawn the question of damages because of the unlawful entry and ejectment, it nowhere told the jury that the question of the lawfulness or otherwise of the entry should not be considered by them, and, in this portion of instruction No. 7 to which we are referring, it positively told the jury that plaintiff must prove both a wrongful entry and a wrongful conversion before he could recover. The issue of the wrongfulness of the entry was, therefore, before the jury. Plaintiff introduced evidence to sustain his contention that the entry was wrongful, and defendant introduced evidence to sustain his contention

that such entry was not wrongful. The evidence thus introduced by defendant, tending to show that the entry was not wrongful, consisted of evidence to the effect that the plaintiff had abandoned the premises, that he had failed to farm the same in a good farm-like manner, and that he had failed to pay the rent when due, as stipulated in the lease.

In the first part of its instruction No. 11 the court instructed the jury as to the consideration they should give to only two of these claims of the defendant, to wit, the claim of abandonment and the claim of failure to farm the land in a good farm-like manner, and told them that if they found that plaintiff had either voluntarily abandoned the premises or failed to farm the land in a good farm-like manner, defendant would have a right to consider the lease forfeited and to take possession of the premises without notice or process of law. This instruction made no mention of the defendant's further claim that the rent had not been paid when due, as provided by the lease, and gave them no direction as to what the effect would be if they found that plaintiff had not paid the rent when due, as provided by the lease. The court then proceeded to tell the jury that, if they found that plaintiff had voluntarily abandoned the premises and left his personal property thereon, the defendant could not be held to have converted such property, unless, subsequent to such abandonment, the defendant converted it to his own use. The jury was not told that the same rule would apply if defendant had entered the premises rightfully because of plaintiff's failure to farm the land in a good farm-like manner or because of his failure to pay the rent when due, as provided by the lease. In either of these events, the entry would not be wrongful and would not of itself constitute a conversion of the personal property. Some independent act was necessary to make a conversion, and the jury should have been so instructed.

■ Appellant also complains of instruction No. 6 because it did not withdraw from the consideration of the jury the plaintiff's claim for alleged conversion of standing corn. Appellant's contention is based upon the ground that the corn was a growing crop and belonged to the realty, and that it could not have been the subject of conversion. We think the evidence is sufficient, however, to show that the corn, at the time of the alleged conversion, was fully matured, and that, under our holdings, such corn was personal property and could have been the subject of conversion,

534

the same as any other personal property. Hecht v. Dettman, 56 Iowa 679, 7 N. W. 495, 10 N. W. 241, 41 Am. Rep. 131; Everingham v. Braden, 58 Iowa 133, 12 N. W. 142; Richards v. Knight, 78 Iowa 69, 42 N. W. 584, 4 L. R. A. 453; Ellithorpe v. Reidesil, 71 Iowa 315, 32 N. W. 238; Clark v. Strohbeen, 190 Iowa 989, 181 N. W. 430, 13 A. L. R. 1419; Goldstein v. Mundon, 202 Iowa 381, 210 N. W. 444; 26 C. J., section 739, p. 102.

Further complaint is made in regard to instruction No. 12 because it submitted to the jury the question of exemplary damages. It is claimed by the appellant that there was no evidence which justified the submission of plaintiff's claim for exemplary damages to the jury. We have examined the record in regard to this proposition, and we are satisfied that there was no error in, connection with this instruction.

Further complaint is made to other instructions and to the alleged error of the court in entering judgment against the defendant in any amount, and in overruling the defendant's motion for new trial. We have examined the record as to all these alleged errors and do not find that any of them is such as to warrant a reversal, although some of them might well be considered by the trial court in conducting a new trial. In view of the fact that the case must be remanded for new trial, we deem it unnecessary to devote any further discussion to the objections thus raised.

Appellant's motion to strike appellee's amendment to abstract and appellee's brief and argument, which was ordered submitted with the case, is hereby overruled.

For the errors in instruction No. 11, to which we have referred, we find that the judgment of the trial court must be, and the same is hereby, reversed.

ANDERSON, C. J., and ALBERT, KINTZINGER, PARSONS, and RICHARDS, JJ., concur.