# IN THE COURT OF APPEALS OF IOWA

No. 18-0583
Filed March 6, 2019

IN THE MATTER OF THE ESTATE OF MARRIAN M. NEWHALL, Deceased.

**RUSSELL L. NEWHALL,**
     Plaintiff-Appellant,

**vs.**

**MARCIA E. NEWHALL ROLL,**
     Defendant-Appellee.

_____

     Appeal from the Iowa District Court for Butler County, Rustin T. Davenport, Judge.

     A brother appeals the district court's order on his motion to enforce a settlement agreement with his sister.  **AFFIRMED.**

     Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, PC, West Des Moines, for appellant.

     Thomas D. Hanson of Dickinson, Mackaman, Tyler & Hagen, PC, Des Moines, for appellee.

     Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

Who gets the grain? That's the question raised by Russell Newhall's challenge to the ruling on his motion to enforce a settlement agreement with his sister Marcia Roll dividing property from their mother's estate. Newhall insists because he received the grain bins under the agreement, the grain inside the bins belonged to him. Roll contends because she took "all other personal property" under the agreement, the grain belonged to her. The district court sided with Roll, and Newhall now appeals. Because the court properly applied contract principles in resolving the dispute, we affirm.

## I.     Facts and Prior Proceedings

Newhall and Roll are the biological children of Lowell and Marrian Newhall.[1] Lowell died in 2011, and Marrian died in 2014. These siblings are not new to Iowa's appellate courts. In December 2016, our supreme court decided two cases touching on their inherited property. In *Roll v. Newhall*, 888 N.W.2d 422, 424 (Iowa 2016), the court rejected Roll's assertion Newhall could not inherit under Marrian's will because he was adopted in 2007, after the will was executed but before Marrian died. In *Newhall v. Roll*, 888 N.W.2d 636, 637 (Iowa 2016), the court decided a partition action brought by Newhall over two farms he and Roll owned as tenants in common—a Butler County tract gifted inter vivos by their parents;[2] and a Hardin County acreage, a testamentary gift from their aunt.[3]

---

[1] We say "biological" because Newhall, as an adult, was adopted by his paternal aunt.
[2] In the partition action, the court noted grain bins on the Butler County land were purchased and installed by Newhall. *Newhall*, 888 N.W.2d at 638.
[3] The attorney fees from the partition action are the subject of a fourth appeal, *Newhall v. Roll*, No. 18-0490 (also filed today).

After years of haggling over division of the estate property, Newhall and Roll entered into a settlement agreement "to resolve their differences."  As relevant to this appeal, the settlement agreement provided Newhall was

> the owner of, and/or shall receive through the probate or otherwise the following list of tangible personal property:
> a. Grain dryer assembly
> b. Two Galloway gasoline engines
> c. One Waterloo Boy gasoline engine
> d. One Sears and Roebuck gasoline engine
> e. One International gasoline engine
> f. Two miscellaneous gasoline engines of unknown brand
> g. Green Ford truck
> h. Red Ford truck
> i. Caterpillar bulldozer
> j. Donohoe/John Deere flatbed trailer
> k. Five bottom Oliver plow
> l. Five bottom International Harvester plow
> m. 30-foot bin, 36-foot bin, 48-foot bin, and attached augers.

The agreement then stated Roll was

> [T]he owner of, and/or shall receive through the probate, or otherwise the following listed items of tangible personal property:
> a. IH model H tractor, which previously belonged to Lowell Newhall
> b. All other personal property of every kind and description whether it is part of Marrian's probate estate, or not, whether located in the house on Linde Avenue in Dumont, Iowa, whether located on the jointly owned properties legally described above, or located elsewhere in the farmhouse, the farmyard or in any of the ancillary buildings or structure related thereto.

In the next paragraph, the agreement clarified "it is the intent of the parties that other than the items specifically identified as going to [Newhall], [Roll] shall receive all other items of tangible personal property located on the real estate which is the subject of the partition action."  The agreement gave the parties until March 1, 2018, to remove "their respective items of tangible personal property" from the real estate or "such property will be deemed to have been abandoned."

The parties signed the settlement agreement in June 2017. Later that summer, Roll had the corn removed from four bins[4] on the Butler County farm. She acknowledged "holes were cut in a couple of the bins" to get the corn out, but the panels were repaired "better than it was before because the bins are rotten." The parties agreed the value of the corn removed from the bins was $148,199.68.

In September 2017, Newhall filed a motion to enforce the settlement agreement and a claim for damages. He alleged, "[Roll] broke into the bins by having holes drilled into them and removed [Newhall]'s corn." Roll insisted the corn belonged to her under the settlement agreement. In November 2017, the court held a hearing on Newhall's motion. Both Newhall and Roll testified. Newhall also called John Coonley as a witness; Coonley was executor and attorney for Marrian's estate and drafted the settlement agreement. Coonley testified he "wasn't aware there was any corn" in Newhall's bins.

In March 2018, the district court issued its order, interpreting the settlement agreement as a contract. The court reviewed Iowa case law treating "matured, shocked, and threshed" grain as "personal property." *See Starits v. Avery*, 213 N.W. 769, 771 (Iowa 1927). So the court read the contract term "personal property" as encompassing the stored corn. The court reasoned under the agreement Roll received "all other personal property" so Roll "apparently gets the grain." Newhall challenges that ruling on appeal.

---

[4] The parties agree three of the bins belonged to Newhall under the settlement agreement; the agreement was silent on another 36-foot bin on the property that also contained corn.

## II.     Scope and Standards of Review and Jurisdiction

Newhall contends our review is de novo, citing *Waechter v. Aluminum Co. of America*, 454 N.W.2d 565, 568 (Iowa 1990), and Iowa Code section 633.33 (2017).  But the district court discussed the difference between hearing the case in law or equity, cited section 633.33, and concluded, "To try this matter as an equitable matter, to me, doesn't make a whole lot of sense because we're essentially talking about a breach of contract which, from all standard analyses, would be a trial at law where I have to rule on the objections."  In its written order, the district court stated:

> Although this is a probate case, the Court finds it must apply the rules that apply to a case proceeding under a breach of contract claim or pursuant to the civil legal docket.  An action on a contract is generally considered to be an action at law.  *Phone Connection, Inc. v. Harbst*, 494 N.W.2d 445, 448 (Iowa Ct. App. 1992).  This case is a matter at law and the principles of law should apply to the Court's analysis.  The Court finds that the Court is sitting as a fact finder in a breach of contract action and will apply similar principles to the action as though it was tried to the Court without a jury.

Because the district court tried the matter at law, we review to correct legal error.  *See* Iowa R. App. P. 6.907; *Crawley v. Price*, 692 N.W.2d 44, 48 (Iowa App. 2004) (noting scope of review is determined by nature of trial proceedings); *cf. In re Conservatorship of Alessio*, 803 N.W.2d 656, 659–60 (Iowa 2011) (stating review was for correction of errors at law to the extent arguments raised issues of statutory interpretation).  If supported by substantial evidence, the district court's findings of fact bind us on appeal.  Iowa R. App. P. 6.904(3)(a).

Before reaching the merits, we turn briefly to the question of jurisdiction.  The district court, on its own accord, mulled whether it was proper to decide this matter on its probate docket.  Relying on *In re Young's Estate*, the district court

concluded it had jurisdiction to resolve Newhall's motion. 273 N.W.2d 388, 392 (Iowa 1978) ("If no motion is made to transfer to another docket the district court, sitting in probate, may hear and determine litigation which could or should have been brought at law or in equity."). On appeal, the parties do not challenge the jurisdiction of the district court. We agree *Young's Estate* is on point.

## III.  Analysis

### A.  Contract Interpretation

Newhall contends the district court misinterpreted the settlement agreement. In Newhall's view, his ownership of the bins meant ownership of the grain inside, and thus, the court erred in deciding the grain fell into the category of "all other personal property" awarded Roll. Newhall argues Roll breached the settlement agreement by selling the corn she had removed from his bins.

In essence, a settlement agreement is a contract, so we apply general principles of contract interpretation. *Zaber v. City of Dubuque*, 902 N.W.2d 282, 289 (Iowa Ct. App. 2017). Our law favors voluntarily settling legal disputes and to encourage that behavior courts do not "inordinately scrutinize" the terms of settlement. *Fees v. Mut. Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 58 (Iowa 1992). "[A] court has no authority to rewrite the terms of the settlement agreement based on its perception of the merits of the settlement terms." *City of Dubuque v. Iowa Tr.*, 587 N.W.2d 216, 223 (Iowa 1998).

Here, the terms of the settlement did not mention the grain in the bins. The siblings' agreement deemed Newhall the owner of three bins, the attached augers, and the grain dryer assembly, but it did not say he would receive the contents of the bins. Under the next paragraph of the agreement, Roll broadly received "all

other personal property of every kind and description," whether or not part of her mother's probate estate, and regardless of whether the personal property was located in houses on the property or "in any of the ancillary buildings or structure [sic] related thereto." The following paragraph emphasized "tangible personal property," not specifically identified as going to Newhall, went to Roll.

The district court started with the definition of "personal property." Historically, the term has been "susceptible of more than one meaning." *See In re Estate of Thompson*, 511 N.W.2d 374, 377 (Iowa 1994) (comparing *In re Estate of Chadwick*, 78 N.W.2d 31, 34 (Iowa 1956) ("personal property" referred to tangible personal property) with *In re Scheiner's Will*, 247 N.W. 532, 533–34 (Iowa 1933) ("personal property" included both tangible and intangible property)). The district court then focused on the key question—did grain fall into the category of "personal property"? Citing *Starits*, the court decided harvest grain was "personal property." *See* 213 N.W. at 771 (deciding matured oats and wheat that had been "cut and threshed" were not "part and parcel" of the real estate but constituted "purely personal property").[5] From that premise, the district court reasoned, as personal property, the corn belonged to Roll under the express terms of the settlement agreement.

Newhall does not quibble with classifying grain as personal property. Instead, he faults the district court for not first analyzing whether the grain was actually "part of the bins" awarded to him. Newhall analogizes his situation to a

---

[5] Later cases also hold matured corn is personal property. *See, e.g.*, *Jensma v. Allen*, 81 N.W.2d 476, 479 (Iowa 1957) (citing *Durflinger v. Heaton*, 258 N.W. 543, 546 (Iowa 1935) (collecting cases)).

use-tax statutory interpretation case, where our supreme court found bottles containing beer were an "integral part" of the "tangible personal property" sold at retail. *See Zoller Brewing Co. v. State Tax Comm'n*, 5 N.W.2d 643, 645 (Iowa 1942). Following that logic, Newhalll contends the grain bin was an "integral part" of the grain.

We are not persuaded the use-tax statute presents an apt analogy to the settlement agreement. For starters, the use-tax act specifically states "tangible personal property *including containers* [through various means] *become an integral part of*" the property ultimately sold. Iowa Code § 423.6(3)(a) (emphasis added). By contrast, the siblings' agreement did not contemplate merging two distinct pieces of property into one whole. Plus, Newhall's integral-part analogy breaks down when we look at what actually happened—Roll sold the grain without the bins. *Cf. Dial Corp. v. Iowa Dep't of Revenue*, 634 N.W.2d 643, 648 (Iowa 2001) (finding cardboard container holding individual food items was not integral part of tangible personal property because it was not sold with the items). Further, unlike beer in bottles, corn stored in a bin is valued separately from its container. *See, e.g.*, *In re Marriage of Prendergast*, 380 N.W.2d 431, 434–36 (Iowa Ct. App. 1985) (valuing grain bins and grain separately in dissolution review).

We find no error in the district court's interpretation of the settlement agreement. The agreement was precise in its award of three bins and their attached augers to Newhall; if the parties intended Newhall to receive the contents

of the bins, it would have been easy to add language to that effect.[6]  Instead, the agreement was sweeping in its award of "all other personal property of every kind and description" to Roll.  The agreement emphasized property not specifically identified as belonging to Newhall was personal property awarded Roll.  Given the overall context, finding Newhall should receive the unmentioned grain would be inconsistent with the expressed intent of the settlement agreement.  *See Sierra Club v. Wayne Weber LLC*, 689 N.W.2d 696, 704 (Iowa 2004) (inferring prohibition from the context of the agreement).  We affirm the award of the grain to Roll.

### B. Mutual Mistake

As an alternative argument, Newhall claims the parties committed a mutual mistake in the expression of the settlement agreement.  He relies on *State ex rel. Palmer v. Unisys Corp.*, which explained a mistake in expression occurs "when the parties reach an agreement but fail to accurately express it in writing."  637 N.W.2d 142, 151 (Iowa 2001).  "When the understanding of the parties was not correctly expressed in the written contract, equity exists to reform the contract to properly express the intent of the parties."  *Id.*

Newhall frames the mistake as follows: "[Newhall] thought the express terms regarding the three grain bins included the grain; [Roll] thought the general terms of 'personal property' awarded her the grain while knowing [Newhall] received the bins."  From this framing, Newhall contends the district court should have reformed the contract and awarded the grain to him.

---

[6] Our conclusion is bolstered by Newhall's claim to ownership of the grain in a fourth bin not awarded to him under the settlement agreement.  That claim undermines his position the bins were an "integral part" of their contents.

Contrary to Newhall's claim, he does not describe a mistake in the expression of the parties' agreement—instead, he styles a more fundamental failure to reach a meeting of the minds on who owns the corn. Newhall's scenario would be a mistake in the formation of the settlement agreement. "Mistakes in the formation of contracts include mistakes in an underlying assumption concerning matters relevant to the decision to enter into a contract. In this category of mistake, the agreement was reached and expressed correctly, yet based on a false assumption." *Palmer v. Unisys Corp.,* 637 N.W.2d at 151. When the mistake is in the formation of the contract, "avoidance is the proper remedy." *Nichols v. City of Evansdale*, 687 N.W.2d 562, 571 (Iowa 2004).

In rejecting Newhall's mutual-mistake argument, the district court noted Newhall did not seek to void the contract. Because Newhall's proposed solution did not match the kind of mistake alleged, the court denied his "theory of relief based upon mistake."[7] Again on appeal, Newhall asks only for reformation, not rescission, of the settlement agreement. Because Newhall is not entitled to the relief he seeks, we affirm the district court's ruling.

**AFFIRMED.**

---

[7] The district court also found Newhall failed to offer sufficient evidence to show a mutual mistake in the formation of the settlement agreement. We agree with that finding.